FRANK O. SINGER *vs.* THE STATE OF MARYLAND.

*Constitutional law—Police powers—Plumbers—Act of* 1886, *ch.* 439, *relating to Plumbers in the City of Baltimore.*

The Act of 1886, ch. 439, provides that no person shall engage in the business of plumbing in ihe City of Baltimore, unless such person shall have received from "The State Board of Commissioners of Practical Plumbing" a certificate as to his competency and qualification. Upon an indictment under this Act for refusal to comply with its requirements it was HELD:

That the Act was but the ordinary exercise of the police power of the State, and did not violate the constitutional rights of the traverser under section one of the fourteenth Amendment of the Constitution of the United States, or under Article twenty-three of the Bill of Rights of the Constitution of the State.

APPEAL AS UPON WRIT OF ERROR, from the Criminal Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, BRYAN, FOWLER, McSHERRY, and BRISCOE,. J.

*David Stewart,* for the appellant.

*Edgar H. Gans,* and * *William Pinkney Whyte, Attorney-General,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The traverser is a plumber by trade, and was indicted for refusing to comply with the requirements of the Act

*Attorney-General Whyte filed a brief for the State. but was not present at the hearing of the case.

of 1886, chapter 439, which provides that no person shall engage in the business of plumbing in the City of Baltimore unless such person shall have received from the State Board of Commissioners of Practical Plumbing a certificate as to his competency and qualification.

This Act the traverser contends is in violation of his constitutional rights under the 14th Amendment of the Constitution of the United States and of the Constitution of this State, both of which declare that no person shall be deprived of his life, liberty, or property without due process of law. These constitutional safeguards have been so fully considered and discussed by the Supreme Court, especially since the adoption of the Fourteenth Amendment, by which the restraint upon the power of the States to pass laws affecting personal and private rights was made a part of the Federal Constitution, that it can only be necessary to refer to the conclusions reached by that Court as affecting the question before us. *Dent vs. West Virginia*, 129 *U. S.*, 114 ; *Barbier vs. Connolly*, 113 *U. S.*, 27 ; *Mugler vs. Kansas*, 123 *U. S.*, 623 ; *Soon Hing vs. Crowley*, 113 *U. S.*, 703 ; *Powell vs. Pennsylvania*, 127 *U. S.*, 678.

No one questions the right of every person in this country to follow any legitimate business or occupation he may see fit. This is a privilege open alike to everyone. His own labor, and the right to use it as a means of livelihood, is a right as sacred and as fully protected by the law as any other personal or private right.

But broad and comprehensive as this right may be, it is subject to the paramount right, inherent in every Government, to impose such restraint and to provide such regulations in regard to the pursuits of life as the public welfare may require. This paramount right rests upon the well recognized maxim, "*salus populi est suprema lex;*" and whatever difficulty there may be in defining the precise limits and boundaries by which the

exercise of this power is to be governed, all agree that laws and regulations necessary for the protection of the health, morals, and safety of society are strictly within the legitimate exercise of the police power. *Powell vs. Pennsylvania,* 127 *U. S.,* 678 ; *Mugler vs. Kansas,* 123 *U. S.,* 623 ; *Minneapolis Railway Co. vs. Beckwith,* 129 *U. S.,* 26.

As to the common and ordinary occupations of life, little or no legislation may be necessary; but if the occupation or calling be of such a character as to require a special course of study, or training, or experience, to qualify one to pursue such occupation or calling with safety to the public interests, no one questions the power of the Legislature to impose such restraints, and prescribe such requirements as it may deem proper for the protection of the public against the evils resulting from incapacity and ignorance. And neither the Fourteenth Amendment of the Federal Constitution, nor Article 23 of the Bill of Rights of the Constitution of this State, was designed to limit or restrain the exercise of this power. It is in the exercise of this power that no one is allowed to practice law or medicine, or engage in the business of a druggist unless he shall have been found competent, and qualified in the mode and in the manner prescribed by the statute. And although the business and trade of a plumber may not require the same training and experience as some other pursuits in life, yet a certain degree of training is absolutely necessary to qualify one as a competent and skilful workman. We all know that in a large city like Baltimore, with its extensive system of drainage and sewerage, the public health largely depends upon the proper and efficient manner in which the plumbing work is executed. And this being so, the Legislature not only has the power, but it is eminently wise and proper that it should provide some mode by which the qualification of persons engaged in that business shall be determined.

Singer *vs.* State.

In considering the power of the Legislature to impose restraints upon all persons engaged in certain pursuits, the Supreme Court say:

" The nature and extent of the qualifications required must depend primarily upon the judgment of the State as to their necessity. If they are appropriate to the calling or profession, and attainable by reasonable application, no objection to their validity can be raised." *Dent vs. West Virginia*, 129 *U. S.*, 114.

The Act of 1886 now before us provides in the first place that no one shall engage in the business of plumbing except those qualified to work as registered plumbers ; and, further, that no one shall be qualified to work as a registered plumber unless he shall have made application to, and received from, the State Board of Practical Plumbers appointed by the Governor a certificate as to his competency.

These requirements are appropriate, and relate to the business of plumbing, and are such as the Legislature deemed necessary and proper for the protection of the health of the people of Baltimore against the consequences resulting from the work of incompetent and inexperienced plumbers. They are in themselves fair and reasonable, and impose no restraint or qualification which may not be complied with by reasonable training and experience. Such an Act is but the ordinary exercise of the police power of the State, and does not violate in any sense the constitutional rights of the traverser.

*Judgment affirmed.*

(Decided 19th June, 1890.)