STATE v. GEORGE ZENO.

February 5, 1900.

Nos. 11,812—(21).

**Occupation of Barber—Regulation by State.**

It is competent for the legislature of this state, in the interests of the public health and welfare, to enact laws for the purpose of regulating and throwing restrictions around the occupation or calling of barbers.

**Certificate—Laws 1897, c. 186, Constitutional.**

Laws 1897, c. 186, in so far as it prohibits any person from following the occupation of a barber in this state without first obtaining a certificate of registration as therein required, is valid, and not in violation of the constitution.

Defendant was convicted in the municipal court of Minneapolis for violation of Laws 1897, c. 186, being "An act to regulate the practice of barbering," etc.; and appealed from an order, Holt, J., denying a motion for a new trial. Affirmed.

*Albert H. Hall* and *C. J. Cahaley*, for appellant.

The act is vicious in the extreme, since its evident purpose is the legalizing of a trade union or trust; and its offensive paternalism is in contravention of constitutional limitations. Matter of Jacobs, 98 N. Y. 98, 115. The act cannot be justified as an exercise of police power. Austin v. Murray, 16 Pick. 121; Inhabitants v. Mayo, 109 Mass. 315; Slaughter House Cases, 16 Wall. 36; Coe v. Schultz, 47 Barb. 64; Matter of Jacobs, supra; State v. Donaldson, 41 Minn. 74, 82. It is unconstitutional, since it deprives defendant of life, liberty, and property, without due process of law. People v. Girard, 73 Hun, 457; People v. Marx, 99 N. Y. 377; Butchers Union S. H. & L.

S. L. Co. v. Crescent City L. S. L. & S. H. Co., 111 U. S. 746; Live Stock Assn. v. Crescent City Co., 1 Abb. (U. S.) 388, 398; Matter of Jacobs, supra; Wynehamer v. People, 13 N. Y. 378, 398; People v. Otis, 90 N. Y. 48. It is unjust and unreasonable, since it discriminates between persons of the same class. The act has legislated defendant out of his right to be a barber, since he cannot qualify under the act, and the board of examiners are powerless to issue him a certificate.

*Frank Healy* and *H. D. Dickinson*, for respondent.

The occupation of a barber is properly a subject of police regulation. The exercise of this calling concerns the public health and safety. Munn v. Illinois, 94 U. S. 113. The act is on a line with laws relating to the practice of medicine and dentistry. Dent v. West Virginia, 129 U. S. 114; Singer v. State, 72 Md. 464; State v. Call, 121 N. C. 643; France v. State, 57 Oh. St. 1; State v. State Med. Exam. Board, 32 Minn. 324; State v. State Board Med. Exam., 34 Minn. 387; State v. Fleischer, 41 Minn. 69; People v. Phippin, 70 Mich. 6; State v. Carey, 4 Wash. 424. It does not interfere with the right to labor more than do those laws which regulate plumbers. Yet such are held constitutional. State v. Gardner, 58 Oh. St. 599; People v. Warden, 144 N. Y. 529. Laws prohibiting barber shops being kept open on Sunday are held valid on sanitary grounds. State v. Petit, 74 Minn. 376; People v. Havnor, 149 N. Y. 195; People v. Bellet, 99 Mich. 151.

The constitutional provision against class legislation does not relate to legislation which, in carrying out a public purpose, is limited in its operation. Barbier v. Connolly, 113 U. S. 27; Soon Hing v. Crowley, 113 U. S. 703; Powell v. Pennsylvania, 127 U. S. 678; Cotting v. Kansas City Stock-Yards Co., 79 Fed. 679; Johnson v. St. Paul & D. R. Co., 43 Minn. 222; State v. Sheriff Ramsey Co., 48 Minn. 236; State v. Chapel, 64 Minn. 130; Lommen v. Minneapolis G. L. Co., 65 Minn. 196. Defendant has not been legislated out of his right to be a barber. The courts will not put so harsh a construction upon the intention of the legislature, unless such construction is unavoidable. Every presumption favors the validity of the law. All doubts must be resolved in favor of its constitu-

tionality. Sykes v. Mayor, 55 Miss. 115, 143; Com. v. Butler, 99 Pa. St. 535; Wilkins v. State, 113 Ind. 514; Central v. Board, 67 Iowa, 199; State v. Moore, 104 N. C. 714; Fletcher v. Peck, 6 Cranch, 87, 128.

BROWN, J.

Defendant was convicted in the municipal court of the city of Minneapolis of a violation of Laws 1897, c. 186, and appeals from an order denying his motion for a new trial.

Defendant is a barber, and has followed that occupation since 1880,—most of the time in this state. At the time of the violation of the law in question he was located and engaged in such calling at the city of Minneapolis. On April 1, 1899, he performed certain acts within his calling upon the persons of John Madden and Rudolph Scholl, without first having obtained a license as required by such law; and for this he was convicted, and sentenced to pay a fine. There is no controversy about the facts. Defendant violated the law by continuing in his occupation without a license, and was properly convicted, unless it be held that the law is unconstitutional and void. The sections of the law applicable to this case are as follows:

"Section 1. It shall be unlawful for any person to follow the occupation of barber in this state unless he shall have first obtained a certificate of registration as provided in this act; provided, however, that nothing in this act contained shall apply to or affect any person who is now actually engaged in such occupation, except as hereinafter provided."

Sections 2, et seq., provide for a board of examiners, and prescribe their duties. Section 7 provides that persons engaged in the occupation of barbers in this state at the time of the approval of the act shall be entitled to license certificates upon the payment of a fee of one dollar, and filing with the secretary of the board an affidavit of residence, etc.

"Sec. 8. Any person desiring to obtain a certificate of registration under this act shall make application to said board therefor and shall pay to the treasurer of said board an examination fee of five dollars, and shall present himself at the next regular meeting of the board for the examination of applicants, whereupon said board

shall proceed to examine such person, and being satisfied that he is above the age of nineteen (19) years, of good moral character, free from contagious or infectious diseases, has either (a) studied the trade for three (3) years as an apprentice under a qualified and practicing barber, or (b) studied the trade for at least three (3) years in a properly appointed and conducted barber school under the instructions of a competent barber, or (c) practiced the trade in another state for at least three (3) years, and is possessed of the requisite skill in said trade to properly perform all the duties thereof, including his ability in the preparation of the tools, shaving, hair-cutting and all the duties and services incident thereto, and is possessed of sufficient knowledge concerning the common diseases of the face and skin to avoid the aggravation and spreading thereof in the practice of said trade; his name shall be entered by the board in the register hereafter provided for, and a certificate of registration shall be issued to him. * * *

"Sec. 14. Any person practicing the occupation of barber without having obtained a certificate of registration, as provided by this act, * * * is guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine," etc.

The question as to the constitutionality of this statute is the only one involved in the case. Counsel for defendant assail the statute from all directions, and urge its invalidity on several grounds, but we need consider the points made by them only so far as they are pertinent to the statute as applied to this particular case. We will not stop to inquire whether it would be within the power of the legislature to limit the number of apprentices a barber should be permitted to have at one and the same time. Such question has no bearing upon the one now before us. It will be time enough to consider and determine it when it is presented in some case where that particular violation is complained of. The question in this case is, is it competent for the legislature to prohibit persons from practicing the calling of a barber without first obtaining a license or certificate of registration?

Laws enacted for the purpose of regulating or throwing restrictions around a trade, calling, or occupation, in the interests of the public health and morals, are everywhere upheld and sustained. Such laws are within the police power of the state, and are universally sustained where enacted in the interests of the public welfare. The question presented in cases where the validity of such

laws is called in question is no longer the power or authority of the legislature to enact them, but whether the occupation, calling, or business sought to be regulated is one involving the public health and interests. A person engaged in such an occupation is not alone interested therein. The public served by him is also interested. He is interested to the extent that it provides and furnishes him with employment and a means of livelihood. The public is interested in his competency and qualifications, and it is eminently proper that there be thrown around the calling protection from intrusion by incompetents, and others inimical to the public good. It is unnecessary to discuss the grounds upon which such laws are upheld, or the objections urged against them. Counsel for defendant ably present their side of the question, but the authorities are all against them. We cite, as pertinent to the question, State v. State Med. Exam. Board, 32 Minn. 324, 20 N. W. 238; State v. Board Med. Exam., 34 Minn. 387, 26 N. W. 123; Barbier v. Connolly, 113 U. S. 27, 5 Sup. Ct. 357; People v. Warden, 144 N. Y. 529, 39 N. E. 686; Singer v. State, 72 Md. 464, 19 Atl. 1044; Dent v. West Virginia, 129 U. S. 114, 121, 9 Sup. Ct. 231.

Is the occupation of a barber a calling or trade involving to any degree the public health and public good? If it is, the law must be sustained. We hold that it is, and that the health of the citizen, and protection from diseases spread from barber shops conducted by unclean and incompetent barbers, fully justify the law. It is a fact of which we must take notice that the people of today come in contact with, and engage the services of, those following the occupation of barber, as much as, if not more than, any other occupation or profession. We must take notice of the fact, too, that the interests of the public health require and demand that persons following that occupation be reasonably familiar with, and favorably inclined towards, ordinary rules of cleanliness; that diseases of the face and skin are spread from barber shops, caused, no doubt, by uncleanliness or the incompetency of barbers. We must take notice of the fact that to attain proficiency and competency as a barber requires training, study, and experience,—training in the art, and study and experience in the management and conduct of the calling. A design and purpose to protect the public from injurious results

likely to follow from such conditions is the foundation of statutes like this. And, as we must take judicial notice of the foregoing facts, the foundation for this law is apparent. And it may be said, further, that there is as much reason for a law of this kind as to barbers as there is for such a law as to dentists, pharmacists, lawyers, and plumbers. It is enacted in the interests of the public health and welfare, and we sustain it.

The contention of appellant that if the law is sustained he will be unable to continue in his business, because he cannot now obtain a license, is not sound. He was a barber engaged in the occupation at the time of the approval of the law, but he failed to make application for a license under the terms of section 7, above quoted, within 90 days, or at all; and his contention is that, because he does not come within either of the three classes of applicants specified in section 8, he cannot obtain a license at all. This statute, like all statutes enacted in the interests of the public welfare, is entitled to a broad and liberal construction, and one that will give force and effect to the intention of the law-making power. Applying such a construction, we hold that a person who has followed the occupation of a barber for three years in this state, and is otherwise possessed of the necessary qualifications, is entitled to a certificate of registration, the same as a person coming into the state from another state. There was no intention to discriminate against barbers of this state and in favor of those residing in other states, and a construction of the law which would result in such discrimination cannot be permitted.

This disposes of all questions deserving special mention.

Order affirmed.