STATE ex rel. PAUL CHAPEL v. PHILIP C. JUSTUS.[1]

November 13, 1903.

Nos. 13,773—(213).

**Plumber's License—Constitution.**
Chapter 356, p. 575, Laws 1901, which requires journeymen plumbers to take an examination and procure a certificate of competency, *held* unconstitutional, being in contravention to sections 33 and 34, article 4, of the Constitution. An arbitrary basis of classification is adopted in restricting the application of the act to cities of ten thousand inhabitants or more, which have a system of sewer or waterworks, and an arbitrary and unjustifiable distinction is made between master plumbers and journeymen plumbers.

Appeal by relator from an order of the district court for Ramsey county, Kelly, J., vacating a writ of habeas corpus. Reversed, and prisoner ordered discharged.

*Thomas McDermott,* for appellant.

*T. R. Kane,* County Attorney, and *O. H. O'Neill,* for respondent.

LEWIS, J.

Relator was arrested at the city of St. Paul for a violation of chapter 356, p. 575, Laws 1901, for unlawfully engaging in work as a journeyman plumber without having first received a certificate of competency from the state board of commissioners. The matter having been brought on before the district court in Ramsey county upon a writ of habeas corpus, the writ was vacated, and relator appealed.

Section 1, c. 356, p. 575, Laws 1901, reads as follows:

"That it shall not be lawful for any person, persons, firm or corporation engaged in the plumbing business in any city or town with a population of ten thousand (10,000) or more, which has a system of sewer or waterworks, in the state of Minnesota, to employ as journeymen plumbers in said business any person or persons, except those qualified to work as registered plumbers; and it shall not be lawful for any person to work as a plumber in any such city or town for a fee or other reward

[1] Reported in 97 N. W. 124.

paid either to himself or to another person for such work, or to act as plumbing inspector in any such city or town, unless such person has first made application to and has received from the state board of commissioners of practical plumbing, a certificate of competency and has complied with the provisions of this act; and has also complied with such ordinance or ordinances as may be in force in any city or town, relating to or governing the performance of plumbing and sanitary work. Provided, nothing in this act contained shall be construed as preventing or prohibiting any person from serving a regular apprenticeship for the purpose of learning the plumbing trade, under employment therefor by any person regularly engaged in the plumbing business, who has complied with the provisions of this act."

The act also declares that a violation of its terms shall be deemed a misdemeanor, subjecting the violator to fine or imprisonment, and further provides for a state board of plumbing commissioners, whose duty it is to examine applicants and issue certificates or licenses.

The only question involved is the constitutionality of the act. The subject-matter of the act, viz., the regulation and control of the business of plumbing, is properly a subject of police regulation, within principles discussed and applied in State v. Zeno, 79 Minn. 80, 81 N. W. 748. In Alexander v. City of Duluth, 77 Minn. 445, 80 N. W. 623, it was held that the amendment of 1899 (Laws 1899, p. vi) authorizes the Legislature to classify cities on the basis of population for the purposes of general legislation, without regard to the relation of such basis to the subject-matter of the legislative enactment. But it does not follow that for other reasons the act may not be unconstitutional, within the prohibition of sections 33, 34, article 4, of the Constitution.

The act under consideration is in conflict with the principles of special legislation, as defined by the decisions of this court, in two respects: It has adopted as a basis of classification cities having a system of sewer and waterworks. And in its application to plumbers it makes an arbitrary and unjustifiable distinction between master plumbers, so called, and journeymen plumbers. We consider that there is no reasonable ground for distinction in the application of such a law to cities with or without sewer and water systems. The object to be at-

tained by the act is to prevent unskilled workmen from setting death traps emitting poisonous air. It is a matter of common knowledge that in many of the villages of the state where they have not been able to install water plants or sewer systems, the inhabitants frequently provide for themselves sewer systems, by means of cesspools and other ways of drainage; and in cities of ten thousand people, or less, where sewer and water systems are installed, those who are not accessible to the established system install their private plants. It is the effect that faulty plumbing has upon the inmates of the building wherein it is perpetrated which is sought to be corrected. The purpose is to protect people's health and comfort. The effect of imperfect plumbing is as pernicious, so far as those directly affected are concerned, in a village or town without a sewer or water system, as where such public works exist. It is true that in communities where the larger number of people are centered there may be a violation of the laws of health to a greater extent, but this is merely a difference in degree, and not in character, and the classification based upon such a principle is purely arbitrary. Murray v. Board of Co. Commrs. of Ramsey Co., 81 Minn. 359, 84 N. W. 103.

Again, a law of this kind, intended to protect the health and general comfort of the public, should be general and complete in its application, and there is no reasonable ground for making a distinction between what is termed a "master plumber" and "journeyman plumber." If it is essential that the ordinary workman for hire, called a "journeyman plumber," shall have the necessary training and experience to pass such an examination before he shall be permitted to perform such technical mechanical services, for a much greater reason should the master plumber, who has the additional duty of hiring and discharging employees, be required to submit to the same tests. The provision which exempts master plumbers from its application authorizes them to do the very thing which the act attempts to prevent in respect to journeymen plumbers, and it cannot be assumed that a master plumber does not or may not perform the services usually performed by journeymen plumbers. State v. Benzenberg, 101 Wis. 172, 76 N. W. 345.

Order reversed, and it is ordered that the prisoner be discharged.