### 928.  FELTON *v.* CITY OF ATLANTA.

1. The business of plumbing is so related to the public health that the regulation of it is a legitimate subject for the exercise of the police power. However, the right of every citizen to labor at any and all common and honest employments is of such high importance that any statute or ordinance placing restrictions thereon will be strictly construed.

2. The ordinances of the City of Atlanta regulating plumbing require all persons who work at that occupation, as master, employing, or journeyman plumbers, to stand an examination and secure a certificate of proficiency. The ordinances do not in terms include apprentices and helpers working under licensed master or journeyman plumbers, and they will not be included by judicial construction.

3. The evidence not showing that the defendant was engaged as a master or journeyman plumber, but, on the contrary, showing that he was a mere helper to a licensed plumber in charge of the work, his conviction was unauthorized.

Certiorari, from Fulton superior court—Judge Ellis. December 13, 1907.

Argued February 5,—Decided April 9, 1908.

The plaintiff in error was convicted in the recorder's court of the City of Atlanta of an alleged violation of section 887 of the

city code, which provides, "No person, firm, or corporation, engaged in or working at the business of plumbing, shall engage in or work at said business in the city of Atlanta, either as master, employing, or journeyman plumber, unless such person, firm, or corporation first receives a license therefor, in accordance with the provisions of this ordinance." By other sections provision is made for the examination of master, employing, and journeyman plumbers before a constituted board, and the issuance of a certificate in the event the examination is satisfactory. There is a statement in the ordinance that "in case of a firm or corporation, the examination and licensing of any one member of the firm or corporation shall satisfy the requirement." The case comes to this court upon exception to the refusal of the superior court to sustain the certiorari brought to review the conviction. The entire evidence upon which the conviction rests is so brief that it will be set out in full, as follows: "Defendant was employed by and working for M. E. & C. W. Ford, a partnership engaged in the plumbing business in the city of Atlanta. Said partnership have paid the license, and both the members thereof are duly certified by the board of plumbing examiners of the city of Atlanta, as required by law and the ordinance of the city. Defendant himself had no license, and never had stood any examination, nor had he been given any certificate. At the time of the arrest he was working at the place of business of Davison, Paxon & Stokes, on Whitehall street, in the city of Atlanta, engaged at the time in tearing out plumbing, pipes, etc., in the basement of said business. The purpose of tearing out this plumbing was to enable M. E. & C. W. Ford to make plans in conformity with the requirements of the city ordinance, for the purpose of enabling them to install new plumbing fixtures. When arrested the defendant was getting lead out of a hub."

The defendant makes the following contentions: that the evidence did not show a violation of the ordinance; that the ordinance is unreasonable and contrary to article 1, section 5, paragraph 2 of the constitution (Civil Code, §5735), which preserves to the people of this State "all inherent rights hitherto enjoyed," because no person could stand the examination without experience, and it would be unlawful to obtain the experience without the certificate to which the examination is a prerequisite; also that

the ordinance is unreasonable and contrary to article 1, section 1, paragraph 3, of the constitution (Civil Code, §5700), in that it deprives laborers of the right to work, without due process of law; also that it is repugnant to article 1, section 1, paragraph 2, of the constitution (Civil Code, §5699), which provides that protection to person and property shall be impartial and complete, in that it makes arbitrary and unjust discriminations between plumbers and between individuals and firms or corporations. It is also alleged to be contrary to the "due process of law" clause of the Federal constitution.

*Dorsey, Brewster, Howell & Heyman,* for plaintiff in error.

*J. L. Mayson, W. P. Hill,* contra.

POWELL, J. 1. The common inherent right which every citizen has of enjoying the inestimable blessing of laboring at any honest employment he may choose, save only so far as restrictions are necessary to the protection of the public peace, health, safety, and morality, is so well established that limitations thereon are to be strictly construed. Salus populi suprema lex; this, as Judge Bleckley has so happily expressed it (*Green* v. *Coast Line R. Co.,* 97 *Ga.* 34, 24 S. E. 814, 33 L. R. A. 806, 54 Am. St. R. 379) is the whole gospel of public policy, condensed in a single text. Wherever the salus populi ends, restrictions upon the right to labor become unreasonable and violative of common right. Plumbing is a business which affects public health, and is therefore subject to regulation under the police power. Most courts so hold. 1 Abbott on Municipal Corporations, §123; Singer *v.* State, 72 Md. 464 (19 Atl. 1044, 8 L. R. A. 551); Nechamcus *v.* Warden, 144 N. Y. 529 (39 N. E. 686, 27 L. R. A. 718); State ex rel. Chapel *v.* Justus, 90 Minn. 474 (94 N. W. 124); State *v.* Gardner, 58 Ohio State, 599 (51 N. E. 136, 41 L. R. A. 689, 65 Am. St. R. 785). Nevertheless, there is respectable authority for saying that since a city may easily protect itself against the consequences of bad plumbing, by a system of inspecting the work itself, rather than by limiting the number of persons who shall engage in it, those statutes and ordinances which provide that none but examined and licensed persons shall engage in plumbing "skirt pretty closely that border line beyond which legislation ceases to be within the powers conferred by the people of the State upon its legislative bodies." Nechamcus's case, supra, p. 535. Such statutes

and ordinances must make no discrimination which is not based upon some reason connected with or growing out of that paramount cause in which they find justification for their enactment; else they are void. State ex rel. Chapel· *v.* Justus, supra; State *v.* Gardner, supra. Indeed, in the case last cited, a statute almost identical in terms with the ordinance sub judice was declared unconstitutional, for the reason that the exception made in favor of firms and corporations was an unjust and an unreasonable discrimination. We shall make no direct ruling upon the constitutionality of the ordinance, because the conviction is to be reversed on another ground; and the constitutionality of statutes and ordinances will not be passed upon unless an adjudication of that question is absolutely necessary to the determination of the case. We have cited these cases to show that despite the existence of the. power to regulate the business of plumbing, statutes and ordinances for that purpose will be strictly construed, and will not, by construction, be extended beyond the very words used.

2. The ordinance in question includes within its terms only master, employing, and journeyman plumbers. We understand that master plumbers and employing plumbers are one and the same—those who do not hold themselves out as personally doing the work, but as contracting to furnish the materials and to do the work through others. Journeyman plumbers we understand to be those skilled in the calling, and holding themselves out as able and willing to do the work themselves. Apprentices and mere helpers are not included in the words of the ordinance, and, as we have shown above, they can not properly be included by judicial construction. We hold, therefore, that where plumbing work is undertaken by a licensed plumber, master or journeyman, who has the responsibility of seeing that it is done correctly, apprentices or helpers working under his supervision and direction are not amenable to the ordinance. This construction renders the ordinance free from constitutional attack on the ground that it affords no opportunity to inexperienced persons of becoming capable of standing the examination so that they may be licensed. It is also in consonance with the legitimate spirit of the ordinance; for what the public health demands on this subject is that plumbing shall be planned and executed, not necessarily through the manual labor of a person acquainted with sani-

tary requirements and skilled in the methods by which the best results are to be obtained, but under the control and supervision of such a person. No consideration of public health requiring · that apprentices and helpers working under skilled masters or journeymen should be deprived of the free and untrammeled right thus to labor, the city lawmakers saw fit to limit the ordinance so as not to include them; and we doubt seriously that they could have extended it that far without violating rights protected by the constitution.

3. Under the evidence, the defendant was not violating the ordinance. The work he was doing was in the charge of licensed plumbers; he was performing rough labor as a mere underling. The spirit of the ordinance has not been violated, nor the letter.

*Judgment reversed.*