E. N. AGNES, Appellee, v. CITY OF SIOUX CITY, Appellant.

**MUNICIPAL CORPORATIONS:** Ordinances—License—Reasonableness. A municipal license ordinance escapes the vice of exacting a tax under guise of a license fee if there is an *approximate* balancing of fees exacted and outlay in supervision by the city. (See Sec. 737-a *et seq.,* Code Supp., 1913.)

PRINCIPLE APPLIED: An ordinance exacted a license fee of $50 from each master plumber. The plumbing equipment installed in the city amounted annually to a total of from $250,000 to $300,000. The average annual collections under said ordinance were about $2,000. The city employed an inspector at an annual salary of $1,380. There were other incidental expenses which were of such nature that they could only be *estimated;* and, while such estimate is not given, there was no *great* disparity between the expense of supervision by the city and the total of fees collected. *Held,* the amount of the fee was not unreasonable.

MUNICIPAL CORPORATIONS: Ordinances—Construction—License
2 —Unlawful Discrimination. An ordinance which, in the man-
datory part thereof, requires every master plumber to pay a
license fee of $50 per year, will not be construed as requiring
only one such fee from a partnership because permissive
clause of said ordinance provides that, "when two or more per-
sons are copartners, the license may be issued in the name
of the copartnership."

MUNICIPAL CORPORATIONS: Ordinances—Unauthorized Dis-
3 crimination as Bearing on Validity. The discrimination which
will overthrow an ordinance must be found in the terms of the
ordinance—not in the corrupt or mistaken practices of the
city officials in so enforcing the ordinance that discrimination
is worked. So held where the city exacted one license fee of
$50 per year from an individual master plumber, and, in clear
violation of the ordinance, exacted only one such fee from a firm
composed of two or more master plumbers.

*Appeal from Woodbury District Court.*—J. W. ANDERSON,
Judge.

FEBRUARY 8, 1918.

THIS is an action at law, brought by the plaintiff in his
own behalf and in behalf of twenty-three other persons
who have assigned to him their claims, to recover from the
city of Sioux City the amount of certain license fees paid
by the plaintiff and his assignors, as plumbers, in the years
1911, 1912, 1913, and 1914. The petition is in sixty-nine
counts, upon all of which the plaintiff recovered the sum
total of $4,234. The defendant appeals.—*Reversed.*

*Oliver, Harding & Oliver,* and *Sam Page,* for appellant.

*Jepson & Stecker,* and *Sargent, Strong & Struble,* for
appellee.

1. MUNICIPAL
CORPORATIONS:
ordinances:
license: rea-
sonableness.

EVANS, J.—The plaintiff was engaged in
the plumbing business in the city of Sioux
City. He paid a license fee of $50 per year
for four years. The amount so paid was ex-
acted under the provisions of an ordinance

of the city. · He charges that the ordinance was void, and that the exaction of the license fee was illegal, and that he paid the same under duress. Such is the ground upon which the right of recovery is based. Twenty-three other plumbers assigned to him like claims, and the plaintiff, as assignee thereof, has included the same in the various counts of his petition. The case was tried to the court without a jury. The material facts are not in controversy.

The ordinance in question was enacted in purported pursuance of Sections 737 and 737-a, Code Supplement, 1913. Section 737-a confers power upon cities to regulate and license plumbers; to create a board of examiners to determine the qualification thereof; to prescribe rules and regulations for the installation of plumbing work and materials; to provide for the inspection of such work, materials, and manner of installation, etc. The city enacted an ordinance, Section 1 of which is as follows:

"Any person desiring to engage in the contract business of plumbing in the city of Sioux City shall first make application to the department of public safety of said city of Sioux City upon blanks furnished by said department, stating that he desires a license as a master plumber, or that he is engaged in or desires to engage in the contract plumbing business and employ licensed plumbers, presenting with his application a receipt from the city treasurer for $50 as a plumbing contractor authorized to employ licensed plumbers, or as a master plumber, and $1.00 as a journeyman plumber, if seeking employment, or if employed by a master plumber or contract plumber, and shall pass a satisfactory examination before the examining board provided for in Section 2 hereof."

Section 62 provides as follows:

"All licensed plumbers shall be held responsible for the acts of their agents or employes done under and by virtue of his or their license. All licenses shall expire on the 31st

day of March of each year, but new licenses shall be issued
without further examination; the purpose and intent being
that only one examination shall be required of the same per-
son.   Any change of firm name or location must be prompt-
ly reported to the department of public safety.   The li-
cense shall be posted in a conspicuous place in the office,
store, or place of business of the licensee.   When two or
more persons are copartners, the license may be issued in
the name of the firm or copartnership.   No license shall be
transferable."

The validity of the statute is not challenged.   The va-
lidity of the ordinance is challenged on two grounds:

(1)   That it is unreasonable because the license fee ex-
acted thereunder is excessive;

(2)   That it is unreasonable because discriminatory.

The first ground of challenge is based upon the pro-
vision of Section 1, above quoted, which exacts a license fee
of $50 for master plumbers.   The second ground is based
upon Section 62, in that it works alleged discrimination in
favor of firms and corporations, as compared with individ-
ual persons.

I.   Is the ordinance unreasonable, as exacting an ex-
cessive license fee?   Is the city, under guise of a license,
imposing a tax?   It will be noted that $50 is exacted only
from the master plumbers.   That there should be some sys-
tem of public supervision of the plumbing of a city is not
disputed.   That such public supervision must involve a con-
siderable expenditure is also self-evident.   It appears that
the plumbing equipment installed in the  defendant  city
amounts annually to a total of from $250,000 to $300,000.
The license fees collected in pursuance of the ordinance for
the four-year period under consideration total about $3,600.
Inspection fees, the validity of which is not involved herein,
total about $4,600.   This makes an average collection from
both sources of about $2,000 a year.   The city employs a

plumbing inspector, at a salary of $115 a month. The parties are involved in some dispute as to what other expenses should properly be charged against this department. Exactness of result is impossible. An estimate of other incidental expenses is the best that can be done by either party. We are quite clear that it cannot be said that there is any great disparity between the legitimate expenditures of such department and the total of the license fees thus collected. We do not think it can be said, therefore, that the fee exacted is unreasonable for such reason. This is the principal reason put forward in support of the claim of excessiveness. If the business were modest in its nature and meager in its returns, such fact might be considered upon the question of reasonableness of the amount exacted as a license fee. But the record herein does not disclose that the plumbing business in the defendant city has been either modest or meager. While the plaintiff modestly claims that he is one of the smallest in the business, he admits that such business mounts up into the thousands. We find nothing in the record that would justify us in holding the ordinance to be unreasonable upon this ground.

II. Is the ordinance discriminatory?

2. MUNICIPAL CORPORATIONS: ordinances: construction: license: unlawful discrimination.

If so, the discrimination must be found in Section 62, which we have above quoted. The contention for the plaintiff is that, under this section, any number of master plumbers may join themselves as a partnership and may thereby all do business as master plumbers, for the payment of one fee of $50. If this is the proper construction of Section 62 of the ordinance, we should be disposed to a condemnation of it as being discriminatory. Such was the holding in the following cases: *State v. Gardner,* 58 Ohio 599 (41 L. R. A. 689); *Mayor of Vicksburg v. Mullane,* 106 Miss. 199 (50 L. R. A. [N. S.] 421); *State v. Justus,* 90 Minn. 474 (97 N. W. 124). In each of the foregoing cited

cases, the ordinance under attack expressly provided that it should be sufficient for one member of a firm to pass the examination, and that a payment of one fee should be a payment for all. No such provision is contained in the ordinance under consideration. The provision relied upon by the plaintiff is as follows: "When two or more persons are copartners, the license may be issued in the name of the firm or copartnership." Such a provision is not inconsistent with the exaction of a license fee from each master plumber in the firm. If each member has passed the examination and paid the fee, the issue of a license to the firm would answer every purpose of the issuing of separate licenses to the separate members of a firm. We would not be justified in so construing the ordinance as to add to its terms, especially when such addition to its terms would render it invalid. In so holding, we do not overlook the fact that it is disclosed by this record that a discrimination was actually practised by the public officials in the enforcement of this ordinance, and that licenses were in fact issued to firms containing two or more members, though only one fee was paid. The fact of such dereliction, however, on the part of the public officials, whether by innocent mistake or by wrongful intent, will not justify us in striking down the ordinance of the city on the ground of discrimination, unless the authority for such discrimination is to be found in the terms of the ordinance itself. The dereliction of the officials can be dealt with in an appropriate way, but it is not available to the plaintiff as a ground of recovering license fees properly collected under the terms of the ordinance as they are.

3. MUNICIPAL CORPORATIONS: ordinances: unauthorized discrimination as bearing on validity.

It is one of the peculiarities of the situation that many of the plaintiff's assignors were firms of two or more members, who had obtained licenses upon the payment of a single fee, and were, therefore, the beneficiaries of the favoritism

of the public officials, which they now invoke as a ground of attack upon the ordinance itself. We reach the conclusion that the terms of the ordinance are not discriminatory in the respect claimed. The conclusion we thus reach upon these two grounds of attack upon the validity of the ordinance renders it unnecessary that we consider the question of duress. The judgment below must, accordingly, be—*Reversed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.