## STATE v. W. G. FOSS.
## SAME v. B. B. MEYERS.[1]

### December 3, 1920.

### No. 22,037.

**Defendant acting as plumber without city license—violation of ordinance.**

    1. The evidence justified the court in finding that defendant in calking a joint of a sewage pipe was doing the business of a plumber, and was not a mere helper to a duly certified plumber.

**Ordinance not unconstitutional because of undue restriction of right to labor.**

    2. The ordinance under which defendant was convicted does not require and should not be construed to require plumbers' helpers or apprentices to have certificates of competency to assist a certified plumber in the work, and it is not therefore open to the constitutional objection that it restricts unduly the free right to labor.

Complaints were filed in the municipal court of St. Paul against W. G. Foss and B. B. Meyers for carrying on the business of plumber in violation of Ordinance No. 2902 of the city of St. Paul. They were tried before Finehout, J., who found them guilty as charged. From orders denying their motions for new trials, defendants took separate appeals. Affirmed.

*Stringer & Seymour,* for appellant.

*Arthur E. Nelson* and *Eugene M. O'Neill,* for respondent.

HOLT, J.

Convicted of violating an ordinance of the city of St. Paul relating to plumbing, defendant appeals.

[1] Reported in 180 N. W. 104.

Section 406 of the ordinance reads: "No person, company or corporation shall engage in or work at the business of plumbing either as a master or employing or as a journeyman plumber without first receiving a certificate of competency from the board of examiners as hereinafter provided for." The proof showed that defendant and B. B. Meyers, tried with defendant on a similar charge, were calking sewage pipes in a hospital then under construction in St. Paul, when discovered by the plumbing inspector of the city. The evidence warrants the conclusion that calking pipes of that sort is working at the business of plumbing. Defendant did not profess to be either a master, or an employing, or a journeyman, plumber, or to have or be entitled to a certificate of competency. He claims to have been a mere helper doing the work under the supervision of his employer, a duly licensed plumber, and that what he did was work that properly could be done by a helper or apprentice. This is the main defense.

It appears without dispute, that the employer set these men to work in the morning and was with them until about half an hour before noon, when he left to obtain some tools. He had poured the lead into the joints of the pipe and had set these men to tamp the joints with oakum and make them tight, and had just left for the tools when the inspector arrived upon the scene. The evidence might have warranted the conclusion that the men were doing the work as mere helpers under the supervision of one entitled to work at the business of plumbing. But in holding defendant guilty the court necessarily found that the men were not doing the work of helpers under the supervision of an authorized plumber. The conviction does not necessarily imply a construction of the ordinance so as to exclude helpers and apprentices from assisting in doing plumbing, or from learning the trade by working under the immediate supervision and direction of one having the certificate of competency, hence no constitutional objection can be urged against the ordinance. For the court could well take the view that the work actually being done by defendant, when the inspector arrived, was so peculiarly plumbing work that there could be no assurance of it being properly done except when performed by one who had demonstrated to an examining board his fitness, or when such a one is present to observe the effect of every blow delivered by the helper upon the calking

material. Section 63 of the ordinance, as applicable to the situation here, defines plumbing to mean the work of putting together pipes used for the disposal of sewage.

Defendant's counsel quotes at length from Felton v. City of Atlanta, 4 Ga. App. 183, 61 S. E. 27. The court there concedes to municipalities the right, under the police power, to regulate a business so apt to affect public health as plumbing. No one at this time doubts the proposition, but, of course, a municipality may not under the guise of this power unnecessarily restrict the free right to labor. In that case the person accused was engaged in tearing out old plumbing for the purpose of affording a plumbing firm opportunity to make plans to install new plumbing fixtures, and when arrested he was getting lead out of a tub. It is perfectly plain that an ordinance which by its terms would require a license or certificate of competency for doing such work places uncalled for restrictions upon labor, and so would a construction of the ordinance here in question forbidding similar work by one not having a certificate of competency.

The conviction is affirmed.