No. 10,582.

THE PEOPLE v. ROGERS.

Decided November 5, 1923.

Criminal prosecution for engaging in the work of a plumber without obtaining a license therefor. Demurrer to the information sustained.

*Ruling disapproved.*

1.  CONSTITUTIONAL LAW—*Plumbers—License.* The provisions of chapter 98, C. L. '21, do not violate the natural rights of a person to engage in a lawful occupation, and are constitutional.

2.  PUBLIC HEALTH—*Plumbers.* The plumbing trade is subject to regulation in the interest of public health.

*Error to the County Court of Arapahoe County, Hon. George W. Dunn, Judge.*

Mr. W. L. BOATRIGHT, District Attorney, Mr. RUSSELL W. FLEMING, Attorney General, Mr. HAROLD C. THOMPSON, Assistant, for the people.

No appearance for defendant in error.

*En banc.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error was charged in an information in two counts: First, with engaging in work as a journeyman plumber, and a master plumber, without receiving a license from the state board of health; and, second, with having done plumbing work without first securing a permit from the state board of health.

Defendant demurred to the information on the ground that it did not state an offense under the laws of Colorado; that the statute under which the information was filed is unconstitutional, in that it attempts to confer on the state board of health "the power of delegating what acts or omissions should constitute a misdemeanor; and, third, that the statute which it is alleged defendant violated is unconstitutional because infringing on the natural rights of the defendant."

The statute in question appears as chapter 98 C. L. 1921. The particular sections involved are 4837, which requires the plumber to have a license from the state board of health, section 4840, which provides for temporary permits before an examination, and section 4851 which provides penalties for violation of the act, including working as a plumber without a license or a permit.

The two counts covered the acts of the defendant in working as a plumber without a license and without a permit.

The information does not attempt to charge an offense resulting from any violation of the rules of the board of health. It charges in the two counts a violation of the sections of the statutes above mentioned. That such a statute does not violate the natural rights of the defendant to engage in a lawful occupation is well established.

"The right to regulate and control persons engaged in any trade or occupation that affects the public health has been affirmed in many decisions, and by virtue of this

power regulations have been enacted and sustained regulating the trade of barbers, plumbers, etc." 29 C. J. 262.

That the plumbing trade is subject to regulation in the interest of public health has been held in numerous cases. Among them are—*Commonwealth v. McCarthy,* 225 Mass. 192, 114 N. E. 287; *People v. Warden,* 144 N. Y. 529, 39 N. E. 686, 27 L. R. A. 718; *State v. Gardiner,* 58 Ohio St. 599, 51 N. E. 136, 41 L. R. A. 689, 65 Am. St. Rep. 785; *Singer v. State,* 72 Md. 464, 19 Atl. 1044, 8 L. R. A. 551; *Douglas v. People,* 225 Ill. 537, 80 N. E. 341, 8 L. R. A. (N. S.) 1116, 116 Am. St. Rep. 162; *Ex Parte Smith,* 231 Mo. 111, 132 S. W. 607; *State v. Benzenberg,* 101 Wis. 172, 76 N. W. 345.

The court erred in sustaining the demurrer to the information, both counts being good. The ruling is accordingly disapproved.

MR. JUSTICE ALLEN not participating.