EVANS *v.* CITY AND COUNTY OF DENVER.

No. 11,577.

BROWNING *v.* CITY AND COUNTY OF DENVER.

No. 11,578.

GLOVER *v.* CITY AND COUNTY OF DENVER.

Decided May 24, 1926.   Rehearing denied June 15, 1926.

Plaintiffs in error were convicted of doing plumbing work without a license from the city.

*Affirmed.*

*On Application for Supersedeas.*

1. MUNICIPAL CORPORATIONS — *Ordinances — Plumber's License.* Ordinances providing for the licensing of plumbers are generally held constitutional.

2. LICENSES—*Plumbers.* In the prosecution of one for working as a plumber without a license, the contention that as the ordinance applied to helpers and apprentices as well as master plumbers, it was unconstitutional, is overruled, it appearing that it did not so apply.

3.       *Plumbers.* Although one convicted of working as a plumber without a license was an apprentice of a licensed plumber, it appearing that he worked so independently of his master as to be acting as a journeyman, the judgment is affirmed.

4. CRIMINAL LAW—*Plumbers—License.* It is no defense that one charged with the violation of a city ordinance concerning the licensing of plumbers was acting as the employee of another.

*Error to the County Court of the City and County of Denver, Hon. G. A. Luxford, Judge.*

Mr. JACOB L. SHERMAN, Mr. JOHN HORNE CHILES, for plaintiffs in error.

Mr. HENRY E. MAY, Mr. E. V. HOLLAND, Mr. WAYNE A. GUNKLE, Mr. R. T. WILSON, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THESE are three cases which were consolidated in the court below upon an agreement that each case be determined upon the evidence adduced at the trial of one of them. Each is a case where one of plaintiffs in error was convicted of a violation of an ordinance of the City and County of Denver, the same being section 1553,

article 1, chapter 43, of the Municipal Code of 1917, which reads as follows:

"Section 1553. No person shall do any plumbing work or conduct or carry on the business of a plumber or of an employer or master plumber, or of a journeyman plumber, without first having submitted to an examination by the examining board of plumbers of the city and county of Denver, and having obtained from said board a certificate of competency, and having in all respects complied with the provisions of an act of the legislature of the state of Colorado, entitled: 'An Act to Secure the Registration of Plumbers and the Supervision of Plumbing and Drainage in the Cities in the State of Colorado, Whether Organized Under Special Charter or Otherwise, Having a Population of Fifty Thousand or Upwards; Providing for the Appointment and Prescribing the Power and Duties of Examining Board of Plumbers for such Cities,' approved April 19, 1893."

None of the defendants had the license or certificate provided for in the foregoing ordinance. Each defendant was an apprentice engaged in doing work appertaining to the businesss of a plumber, and in the employ of a licensed plumber or firm of licensed plumbers, but was found by the court to have worked so independently of his master as to be acting as a journeyman.

In each of these cases the plaintiff in error contends that the ordinance is unconstitutional, and therefore void. Such ordinances are generally held constitutional. 37 C. J. 221. Our statute, which the ordinance is intended to follow, was held constitutional in *People v. Rogers,* 74 Colo. 184, 219 Pac. 1076. The plaintiffs in error argue upon the theory that the ordinance applies to helpers and apprentices as well as to master and journeymen plumbers, and is unconstitutional on that account. The answer to that contention is that the ordinance does not apply to helpers or apprentices. See *Felton v. Atlanta,* 4 Ga. App. 183, 61 S. E. 27; *Louisville v.*

*Coulter,* 177 Ky. 242, 197 S. W. 819, L. R. A. 1918A, 811. The statute (S. L. 1893, p. 372) mentioned in the ordinance, places apprentices in a separate class, and in section 11 thereof provides that all apprentices who shall have served a period of three years at the trade may apply for an examination.

If the ordinance does not apply to helpers or apprentices how then, can the defendants be convicted? The answer is that the evidence is sufficient to support a finding that they were working, not as apprentices or helpers, but as journeymen plumbers, and they had no license as journeymen plumbers.

In reaching the above conclusion, we do not dispute the correctness of the statement in *St. Louis v. Bender,* 248 Mo. 113, 154 S. W. 88, 44 L. R. A. (N. S.) 1072, found in the concurring opinion of Lamm, J., as follows: ''Even under the strictest view of it an apprentice need not perform every stroke of his labor as a learner under the constant eye of the master, so long as the superior skill of the master appears in the work, through his directions and instructions given to the apprentice.''

In *State v. Foss,* 147 Minn. 281, 180 N. W. 104, the defendant was convicted under an ordinance pertaining to master or journeymen plumbers, notwithstanding the fact that he was working under the direction of an employer who was a licensed plumber. He was found working in the absence of the supervising licensed plumber.

In the instant case the court was warranted in finding that the employing, supervising, licensed plumbers allowed the defendant apprentices to work alone and without supervision to such an extent that the apprentices were really working as journeymen plumbers. A plumbing inspector testified with reference to the practice of defendants' employer as follows: ''We have struck other places where they told us that the licensed man was on the job and had just left. We would stay around and wait, and he wouldn't come back.''

Though the employer caused the defendants to violate the ordinance, by not sufficiently supervising their work, they themselves are guilty of the violation of the ordinance. It is no defense that the accused acted as employee. 16 C. J. 87.

There is no error in the record. In each case the application for a supersedeas is denied, and the judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.