[Civ. No. 7828. First Appellate District, Division Two.—February 4, 1931.]

HAWLEY W. BEARD et al., Petitioners, v. THE STATE BOARD OF EMBALMERS AND FUNERAL DIRECTORS et al., Respondents.

Gavin McNab, Schmulowitz, Wyman, Aiken & Brune, Geo. B. Harris and Edward M. Leonard for Petitioners.

U. S. Webb, Attorney-General, and Charles A. Wetmore, Jr., Deputy Attorney-General, for Respondents.

SPENCE, J.—This is an original proceeding in *mandamus*. Upon the filing of the petition an order was issued requiring respondents to show cause why a peremptory writ should not issue to compel respondents to examine petitioners for licenses as embalmers under chapter 140, Statutes of 1929, page 258.

The sole question here involved is whether that portion of section 5 of the act relating to the requirement that the applicant "must have completed a full course of instruction in an embalming school of the Class A type as rated by the Conference of Embalmers examining boards of the United States" is constitutional.

From the allegations of the petition it appears that petitioners have treated this provision as unconstitutional and have made no effort to comply with its requirements. They allege that they filed their applications upon the forms prescribed by the board showing themselves to be otherwise qualified under the act, but deleted therefrom all reference to the completion of a course in an embalming school of the class A type as rated by the conference. From the further allegations of the petition it appears that petitioners have completed a course in an embalming school, but it is not alleged that said school is of the class A type as rated by the conference nor is it alleged that they showed in their applications to the board that they had completed a course in a school of that type or any embalming school. In our opinion the provision of section 5 above referred to is constitutional and petitioners have failed to show that they are entitled to the relief prayed for.

■ It is well settled that the legislature in demanding some standard of efficiency of those applying for licenses to practice a profession may in its judgment require applicants to be graduates of a school, the standards of which shall be in no particular less than those prescribed by an association or board of national significance. (*Ex parte Gerino,* 143 Cal. 412 [66 L. R. A. 249, 77 Pac. 166]; *Arwine* v. *Board of Medical Examiners,* 151 Cal. 499 [91 Pac. 319].)

■ Petitioners contend, however, that the statute must be construed to require the completion of a course in an embalming school *which has been rated class A by the conference* and as so construed, the statute is unconstitutional. Respondents contend that it should be construed to require the completion of a course in an embalming school *of the same type as those rated class A by the conference* and as so construed the statute is constitutional under the rule established by the authorities above referred to. It may be conceded that the statute is open to the construction placed upon it by petitioners, but in our opinion it is equally susceptible to the construction placed upon it by respondents. Being susceptible to two constructions, one consistent with and the other inconsistent with the provisions of the Constitution, it is fundamental that it be so construed as to make it harmonious with the Constitution and comport with the legitimate power of the legislature. (5 Cal. Jur. 615, 617.)

■ The statute being constitutional and petitioners having failed to allege in their applications that they had completed a course of study in an embalming school of the class A type as rated by the conference, the order to show cause is discharged and the petition denied.

Nourse, P. J., and Sturtevant, J., concurred.