MONTEJANO v. RAYNER, Idaho Com'r of
Law Enforcement, et al.

No. 1071.

District Court, D. Idaho, E. D.

April 14, 1939.

Anderson, Bowen & Anderson, of Pocatello, Idaho, for plaintiff.

J. W. Taylor, Atty. Gen. of Idaho, and D. W. Thomas and R. W. Beckwith, Asst. Attys. Gen. of Idaho, for defendant Rayner.

Milton E. Zener, of Pocatello, Idaho, for defendant Jeffery.

CAVANAH, District Judge.

The case is brought under the Declaratory Judgment Act, 28 U.S.C.A. § 400, to test the constitutionality of certain provisions of an Act of the State known as "The Idaho Barber Law" and the right of the plaintiff to engage in the business of barbering. It is submitted upon the pleadings which consist of a complaint and answer and a stipulation of facts.

The provisions of the Act which are challenged by the plaintiff as being in violation of the Fourteenth Amendment and unreasonable are sections 53-605, 53-607 and 53-611 of the Idaho Codes Annotated, as amended by Laws 1935, c. 28. These provisions deal with the qualifications for a certificate of registration as a registered barber, and the requirements of a barber college and persons having practised barbering in another state or country.

The further provisions of Section 53-609 of the law requires the Department of Law Enforcement to conduct examinations of applicants for certificates of registration to practice as registered barbers, and include both a practical demonstration and a written and oral test, and embraces subjects usually taught in schools of barbering approved by the Department of Law Enforcement. The approved college is contained in the law.

An analysis of these provisions of the law becomes necessary in order to ascertain if they provide requirements which run counter to the Fourteenth Amendment or are unreasonable legislation. Referring to Section 53-605, it is there provided that:

"Qualifications for Certificate of Registration as Registered Barber. A person is qualified to receive a certificate of registration to practice barbering:

"1. Who is qualified under the provisions of Section 53-606;

"2. Who is of good moral character and temperate habits.

"3. Who has practiced as a registered apprentice for a period of one year under the immediate personal supervision of a registered barber; and who has completed a six months' course in a school of barbering, approved by the department; and they shall be required to submit to barber's examination.

"4. An applicant for a certificate of registration to practice as a registered barber who fails to pass a satisfactory examination conducted by the department must complete a six months' course in an approved barber college before he is again entitled to take the examination for a registered barber. It shall be unlawful to practice as a barber without a certificate as a registered barber."

Section 53-607 provides: "Approved Barber Colleges—Requirements. No school teaching the art or science of barbering shall be approved by the department nor shall it operate or be recognized as a school of barbering, unless the entrance requirements are equal to those which are required for apprentices under section 53-606. An approved college may teach special courses, but as a prerequisite to graduation the college must give a course of instruction of not less than one thousand hours over a period of not less than six months and include in its course of instruction the following subjects;

"Scientific fundamentals for barbering; hygiene; bacteriology; histology of the hair, skin, nails, muscles and nerves; structure of the head, face and neck; elementary chemistry relating to sterilization and antiseptics; diseases of the skin, hair, glands and nails; massaging and manipulating the muscles of the upper body; hair cutting; shaving; and arranging, dressing, coloring, bleaching and tinting of the hair.

"For the purpose of this Chapter, a recognized accredited, or approved barber school or college (hereinafter referred to as a college) shall be understood to be a college that has met with the provisions of this Chapter, and has a valid unrevoked certificate issued by the Department of Law Enforcement (referred to as the department), to the effect that said college is approved by the State of Idaho.

"No college in the state shall advertise or use any signs or terms to indicate that the college is approved, recognized, accredited, or certified, unless said college is approved

by the department. Every college shall advertise as a college and make known to the public and customers that the work is being done by students.

"All instructors in an accredited college must be licensed in the State of Idaho to practice barbering.

"Every instructor in an accredited college shall devote his or her entire time during class hours to that of instructing the students and shall not apply his time to that of private or public practice during the school or class hours.

"School hours for the purpose of instruction in an accredited college shall not begin before nine A. M., or continue longer than six P. M., and shall be continuous including every day except Sundays and holidays.

"The school day in an accredited college shall not be divided into periods that may work to the detriment of the students. Each student shall be required to work or receive instruction in the college at least seven hours each day. Credit will be allowed students for their actual time in attendance at the college, but not to exceed eight hours per day.

"A college furnishing satisfactory evidence that it is maintaining the requirements set forth in this Chapter, whether located within or without the state, shall, upon the payment of the required fee, be issued a certificate to the effect that the college is approved by the department.

"A certificate issued to a college must be renewed annually on July first of each year. Should a college fail or refuse to renew a certificate, said college shall cease to operate if within the State of Idaho and be removed from the list of the approved colleges.

"The department may cancel or refuse to renew a certificate issued to a college upon proof that said college has failed or refused to meet with the requirements for approved colleges set forth in this Chapter.

"One instructor must be employed to each ten Students or fractional part thereof.

"Every school or college accredited or approved by the department shall deliver to the department, a bond to the state of Idaho in a form approved by the Commissioner, and renew the same annually, in the sum of $500, executed by a corporate surety company duly authorized to do business in this state, conditioned that such school or college shall continue to give its courses of instruction, in accordance with the provision of this chapter, until it has completed all such courses for which students have enrolled, and conditioned that such school or college shall fully comply with all promises or representations made to enrolled students as an inducement to such students to enroll. Any Student so enrolled who may be damaged by reason of the failure of such school or college to comply with such conditions, shall have a right of action in his or her own name, on such bonds, for such damage."

Section 53-611 provides: "Persons Having Practiced Barbering In Another State Or Country. A person who is at least eighteen years of age and of good moral character and temperate habits, and who has a diploma showing graduation from an eighth grade grammar school or its equivalent as determined by an examination conducted by the department, and either:

"1-a. Has a license or certificate of registration as a practicing barber from another state or country, which has substantially the same requirements for licensing or registering barbers as required by this Chapter, or

"2-a. Who can prove by sworn affidavits that he has practiced as a barber in another state or country for at least three years immediately prior to making application in this state:

"Shall, upon the payment of required fee, be entitled to take an examination as a registered barber. Upon failing he may upon paying required fee be eligible to another barbers' examination.

"1-b. A person who is at least sixteen and one-half years of age.

"2-b. Who is of good moral character and temperate habits.

"3-b. Who has a diploma showing graduation from an eighth grade grammar school or an equivalent education as determined by an examination conducted by the department;

"4-b. Who has a certificate of registration as an apprentice in another state or country, which has substantially the same requirements for licensing or registering apprentices as required by this Chapter.

"Shall, upon the payment of the required fee, be entitled to take the examination as an apprentice. Upon failure to pass such examination, he shall be required to take a six months' course in an accredited school of barbers, before being permitted to take an examination again. The failure to appear for an examination provided for in this

Chapter shall cause an immediate forfeiture of the certificate of registration as an apprentice herein provided for. It is unlawful for any person to practice as an apprentice without a certificate of registration."

The practice of barbering is defined in Section 53-602 of the Act as:

"Any one or any combination of the following practices (when done upon the upper part of the human body for cosmetic purposes and not for the treatment of disease or physical or mental ailments and when done for payment either directly or indirectly or without payment for the public generally) constitutes the practice of barbering:

"Shaving or trimming the beard or cutting the hair;

"Giving facial and scalp massage or treatments with oils, creams, lotions or other preparations, either by hand or mechanical appliances;

"Singeing, shampooing or dyeing the hair or applying hair tonic;

"Applying cosmetic preparations, antiseptics, powders, oils, clays or lotions to scalp, face, neck or upper part of the body."

The Act also contains the usual provisions that if any portion of it is declared unconstitutional it shall not effect the validity of the remainder which can be given effect without the invalid portion, and we find that such a provision is universally held to be valid unless the remaining portions are so inseparably connected with the unconstitutional provisions that they cannot stand alone. In re C. H. Edwards, 43 Idaho 676, 266 P. 665.

The facts presented recite that the plaintiff is a citizen of the Republic of Mexico and has declared his intention to become a citizen of the United States. He began studying barbering under Nocencio Garcia, at Yurecuaro, Mexico, who was a barber and continued such study and practice for a period of three years immediately thereafter, and continued to do so until 1924 when he came to the United States, when he was then denied the right to engage in the occupation. He applied for the first time to take the examination as a barber in 1937 and was permitted through a misunderstanding and mistake on the part of the Board of Barber Examiners to take the examination in February, 1938, but as to whether or not he took or passed the examination it is agreed would not be material, it being the position of the Department of

Law Enforcement that he was not entitled to take the examination or to be graded because he had not complied with the provisions of the Act referred to and the regulations promulgated by the Department of Law Enforcement. The colleges designated as approved barber colleges are then set forth. If he attempts to engage in the barber business he will be arrested and prosecuted. He holds a health card issued by the City physician of Pocatello, Idaho, which is required to be renewed at the end of every six months or on the expiration of the date given. He has, for several years, in Pocatello, Idaho, cut hair and shaved free of charge, persons who applied to him, but has not engaged in the occupation or business of barbering as such. He is now unemployed.

The general principle granting authority to the legislature under the police power is that trades or professions can be regulated where they effect the health, comfort and safety of the public and the occupation of a barber is embraced in this general principle, and persons practicing such a calling may be required to first obtain a license or certificate of registration. State v. Zeno, 79 Minn. 80, 81 N.W. 748, 48 L. R.A. 88, 79 Am.St.Rep. 422.

The legislature may also authorize a board of examiners to prescribe and determine the qualifications required of barbers, unless such qualifications exceed constitutional limitations and are unreasonable, and may require the applicant for a certificate to spend a certain period of time either as an apprentice or to study in an approved barber college. Moler v. Whisman, 243 Mo. 571, 147 S.W. 985, 40 L.R.A.,N.S., 629, Ann.Cas.1913D, 392; Beard v. State Board, 111 Cal.App. 559, 295 P. 1052; 12 Corpus Juris 922. If the Board prescribe fair and reasonable qualifications appropriate to the calling intended to be regulated and operating generally upon all in like situations their acts would be valid. The principles thus stated are in accord with the weight of authority.

The features of the Act which plaintiff asserts are unconstitutional and unreasonable are those requiring that the training or experience or practice of the applicant shall have been "immediately" prior to the application to be registered as a barber in the State of Idaho, and that knowledge and experience as a school graduate must be obtained in a particular school, that is, one that the Department Of Law Enforcement

of the State shall designate, and also the length of time the applicant must have studied; the requirement with respect to the eighth grade education, and no right to require a knowledge of bacteriology, any more than a general knowledge of skin diseases, or knowledge of the glands and nails, or a scientific knowledge of the muscles of the upper body.

 Of course, the regulations prescribed by the Act must be reasonable and bear some relation to the object sought to be attained, which is to protect the public from being misled or mistreated by incompetent barbers.

Therefore, the inquiry is: Are the objectionable features of the Act reasonable and bear some relation to barbering? The requirement of training, experience, and practice to be "immediately" prior to the application to be registered as a barber in the State; the length of time he must have studied and obtained knowledge in a designated school and an eighth grade education, and knowledge of bacteriology, which includes infectious skin of the head and neck and especially the scalp; muscles and nerves, which extend to and in the head and neck; and glands which appear in the head and neck, all having a bearing on the subject of barbering, are not unreasonable requirements after considering the definition of barbering as defined by the Act and their relations to the functions of a barber. But the qualification of knowledge in massaging and manipulating of the muscles of the upper body presents a doubtful requirement of a barber when we come to consider the divisions of the human anatomy which appear to be:

1. Head and neck;
2. Upper extremities;
3. Thorax "chest";
4. Abdomen;
5. Pelvis, and
6. Lower extremities.

The requirement of knowledge of diseases of the nails of a person would not have a bearing on barbering as that requirement would seem to relate to the calling of a manicurist.

We will remember that large discretion is vested in the legislature to adopt measures necessary in determining what the public interest requires, and every reasonable presumption must be indulged in favor of such measures.

So the result is that the portion of the Act as to the doubtful requirement, of knowledge of massaging and manipulating the muscles of the upper body and knowledge of diseases of the nails of a person are invalid, but the remaining portion of the Act and the regulations of the Board referred to are valid and reasonable and within the authority granted to the legislature.

Accordingly findings and decree will be entered.