EDWARD BURKE *vs.* BOARD OF HEALTH OF HOLYOKE.

Hampden.     October 22, 1914. — November 23, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Plumber. Board of Health. Municipal Corporations,* By-laws and ordinances.

Under our statutes (Sts. 1909, c. 536; 1910, c. 597; 1912, c. 518) a duly
    licensed journeyman plumber lawfully may make a contract to do plumbing
    work by his own labor.
In an ordinance of a city, which provides that no new plumbing shall be done
    without a permit from the board of health and that such a permit shall be
    issued only upon the presentation of plans which show "the name or names
    of the master plumber or master plumbers who are to do the work," the
    requirement in regard to the names applies only to work that is to be done
    by master plumbers, and has no application to work that is to be done
    wholly by a journeyman plumber; and the ordinance will not be construed
    to mean that permits shall be granted only to master plumbers, even assum-
    ing that such a restriction would be lawful.
A privilege given or continued by statute, even though it be such as may be re-
    stricted or taken away by an ordinance or by-law, can be so restricted or taken
    away only when that is the manifest intent of the ordinance or by-law.

PETITION, filed in the Supreme Judicial Court on August 7, 1914,
and afterwards amended, for a writ of mandamus directing the
board of health of Holyoke to issue to the petitioner a permit to
do certain plumbing work for one John Sommers.

The case was heard upon an agreed statement of facts by
*Braley,* J. It appeared that the petitioner was licensed as a
journeyman plumber, but was not a master plumber. Accord-
ing to an agreed statement of facts which was included as a
part of the report of the single justice, sections 2 and 22 of
chapter 27 of the Revised Ordinances of the city of Holyoke
were as follows:

"Section 2. No pipes, tanks, faucets, valves or other fixtures
by and through which water or sewage is used or carried shall
be placed in any building in the city except in accordance with
plans which shall be approved by the Board of Health of the
city, and no plumbing work shall be done except in the case of

repairs of leaks, without a permit being first issued therefor upon the terms and conditions prescribed in this chapter."

"Section 22. Plans must be drawn in duplicate and to scale in ink or blue print and must show: The name or names of the master plumber or master plumbers who are to do the work; a clear description of the work to be done, number and kind of fixtures, also the kind and size of the waste, soil and sewer pipes to be furnished."

The petitioner presented plans to the respondents which they admitted to be proper in every way except in not having the signature of a master plumber. They refused to issue a permit to the petitioner solely because the petitioner was not a master plumber and because the plans did not show the name of a master plumber who was to do the work.

Other facts are stated in the opinion.

At the request of the parties, the single justice reported the case for determination by the full court, with the stipulation that, "if the petition can be maintained, the writ is to issue; otherwise, the petition is to be dismissed."

The case was submitted on briefs.

*F. J. McKay,* for the petitioner.

*T. C. Maher & J. O'Shea,* for the respondents.

SHELDON, J. The petitioner is a duly licensed journeyman plumber; and under our statutes there is nothing unlawful in his contracting to do or in his doing by his own labor the work which he has contracted with Sommers to do. Sts. 1912, c. 518; 1910, c. 597; 1909, c. 536. *Commonwealth* v. *Beaulieu,* 213 Mass. 138. *Barriere* v. *Depatie, ante,* 33. He is a competent plumber, with sufficient manual skill and technical knowledge to do the work, and intends to do it himself without employing any one to assist him. He is not a master plumber.

If we assume that the city of Holyoke could by ordinance require that a permit to do such work should be issued only to a master plumber, yet we are of opinion that this ordinance makes no such requirement. Without such a requirement, it is plain that a journeyman plumber, if found to be a fit person, could contract to do and could do by his own labor all the work that here is contemplated to be done. This right cannot be taken away without a clear provision to that effect. The provision that the

plans to be filed under the ordinance must show "the name or names of the master plumber or master plumbers who are to do the work," is not such a clear provision; it fairly may be construed as applying only to the cases where the work is to be done by master plumbers, and not to cases where all the work is to be done by a journeyman plumber who is fully qualified to do it and is to do it wholly with his own hands. A privilege given or continued by statute, even though it be such as may be restricted or taken away by an ordinance or by-law, can be so restricted or taken away only when that is the manifest intent of the ordinance or by-law. That is the underlying doctrine of our decisions. *Commonwealth* v. *Turner*, 1 Cush. 493. *Newton* v. *Belger*, 143 Mass. 598. *Winthrop* v. *New England Chocolate Co.* 180 Mass. 464. *Belmont* v. *New England Brick Co.* 190 Mass. 442. *Durgin* v. *Minot*, 203 Mass. 26. *Commonwealth* v. *Maletsky*, 203 Mass. 241. *Cox* v. *Segee*, 206 Mass. 380. *Commonwealth* v. *Hayden*, 211 Mass. 296. *Goldstein* v. *Connor*, 212 Mass. 57. A construction of this ordinance which would deprive men in the position of the petitioner of the opportunity to earn their livelihood by the exercise of their trade in a manner recognized by the statutes as lawful is not to be needlessly adopted. *Commonwealth* v. *Perry*, 155 Mass. 117, 120, 121. *Commonwealth* v. *Strauss*, 191 Mass. 545, 550 *et seq. Wyeth* v. *Cambridge Board of Health*, 200 Mass. 474.

The trend of authority elsewhere is to the same effect. Indeed some of the State courts have gone farther than here is necessary or than we should be disposed to do without full consideration. *Davidson* v. *State*, 77 Md. 388. *Dexter* v. *Blackden*, 93 Maine, 473. *State* v. *Justus*, 90 Minn. 474. *State* v. *Pennoyer*, 65 N. H. 113. *People* v. *Marx*, 99 N. Y. 377, 386. *State* v. *Gardner*, 58 Ohio St. 599. *State* v. *Benzenberg*, 101 Wis. 172. *Slaughter-House Cases*, 16 Wall. 36. *Butchers' Union Slaughter-House Co.* v. *Crescent City Live-Stock Landing Co.* 111 U. S. 746. *Yick Wo* v. *Hopkins*, 118 U. S. 356.

There is nothing inconsistent with this view in *Quincy* v. *Kennard*, 151 Mass. 563; *Commonwealth* v. *Parks*, 155 Mass. 531; *Commonwealth* v. *Ellis*, 158 Mass. 555; *Commonwealth* v. *Hubley*, 172 Mass. 58; *Commonwealth* v. *McGann*, 213 Mass. 213; or *Storer* v. *Downey*, 215 Mass. 273.

The fact that the petitioner has a partner who attends to

tinning and roofing is immaterial. That partner has nothing to do with this work. See *Schnaier* v. *Navarre Hotel & Importation Co.* 182 N. Y. 83; *Davidson* v. *State,* 77 Md. 388.

The respondents refused to issue a permit for the sole reason that the petitioner was not a master plumber and was not licensed as such, and that his plan did not show the name of a master plumber who was to do the work. This was one of the agreed facts. We must take it that they found all other facts in his favor, and that in the exercise of their judgment and discretion they would have issued a permit to him but for the one objection stated. As that objection was without foundation, and as the single justice has stated in his report that if the petition could be maintained the writ was to issue, it follows that the writ of mandamus must be issued as prayed for.

*So ordered.*