COMMONWEALTH *vs.* EUGENE J. MCCARTHY.

Hampshire.    October 2, 1916. — November 28, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Constitutional Law*, Police power. *Plumber*, License. *State Examiners of Plumbers. Board of Health*, State. *Mandamus. Words*, "Master or employing plumber."

One licensed only as a journeyman plumber, who has a place of business where he carries a stock of materials usual and necessary for doing the plumbing business, contracts to do plumbing work and employs other journeyman plumbers, is engaged in the business of a "master or employing plumber," as defined by St. 1909, c. 536, § 9, and is violating the provisions of St. 1909, c. 536, § 10, amended by St. 1914, c. 287, prohibiting a person from engaging in business as a master or employing plumber who has not been registered or licensed so to do in accordance with the provisions of that statute.

Plumbing bears so close a relation to the public health that its regulation as to those conducting the business as well as the craftsmen working at the trade is subject to legislative control within reasonable limits.

The provisions of St. 1909, c. 536, as amended by St. 1914, c. 287, relating to the examination and licensing of plumbers, are regulations within reasonable limits and are constitutional.

The provisions of St. 1909, c. 536, § 2, that "The State examiners of plumbers may make such rules as they deem necessary for the proper performance of their duties, which rules shall take effect when approved by the State board of

health," do not give the examiners power to make, with the approval of the State board of health, a rule that a person licensed as a journeyman plumber cannot take an examination for nor be licensed as a master plumber until the lapse of three years from the date of his license as a journeyman plumber.

*Whether* a statute to the effect, that no one could be licensed as a master plumber until he had been licensed as a journeyman plumber for three years, would be constitutional, here was stated to be a serious question, but was not decided.

The invalidity of a rule of the State examiners of plumbers unjustly prohibiting a journeyman plumber from taking an examination for a license as a master plumber until the lapse of three years from the date of his license as a journeyman plumber is no defence to a complaint against a journeyman plumber for engaging in the plumbing business as a master plumber.

The remedy of such a journeyman plumber, upon being refused an opportunity to take the examination for a license as a master plumber, is by a petition for a writ of mandamus to compel the examiners to give him a reasonable examination as to his qualification for such a license.

COMPLAINT, received and sworn to in the District Court of Hampshire, charging that the defendant had engaged in the business of plumbing as a master plumber without being properly registered or licensed so to do.

On appeal to the Superior Court the case was tried before *Sisk,* J. The material evidence is described in the opinion.

The defendant asked for the following rulings, besides rulings that on all the evidence the defendant should be acquitted, and that St. 1909, c. 536, and statutes in amendment thereof and supplementary thereto were unconstitutional because they were in contravention of the Constitution of the Commonwealth and of the Fourteenth Amendment of the Constitution of the United States:

"6. The defendant as a licensed journeyman plumber if the jury find him to be such had a right to have a helper to drive his team, and to hand him his materials and tools.

"7. If the jury find that the defendant as a journeyman plumber took certain contracts with the intention in good faith of performing the work himself with the assistance of helpers and apprentices and being unable to complete the work, secured the assistance of a licensed journeyman plumber the jury may find that this was not a violation of any law of the Commonwealth of Massachusetts.

"8. There is nothing in the law of the Commonwealth of Massachusetts requiring a man to have a license in order to hire a duly licensed journeyman plumber to do plumbing work.

"9. In order to find the defendant guilty the jury must find that defendant engaged in business as a master plumber.

"10. The defendant being a duly licensed journeyman plumber, there is nothing unlawful in his contracting to do or his doing plumbing work, either with his own hands or with the assistance of duly licensed journeyman plumbers."

The rulings were refused. The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*F. J. McKay,* for the defendant.

*J. H. Schoonmaker,* District Attorney, for the Commonwealth.

RUGG, C. J. This is a complaint charging the defendant with being engaged in the business of a master plumber without being registered or licensed as such, contrary to St. 1909, c. 536, as amended by St. 1914, c. 287. The defendant was licensed as a journeyman plumber but not as a master plumber. Under a rule attempted to be promulgated by the State examiners of plumbers, approved by the State board of health, the defendant could not take an examination to be a master plumber until the lapse of three years from being licensed as a journeyman plumber, or until March 25, 1917, he having been licensed as a journeyman plumber on March 25, 1914. The defendant testified at the trial that he had a place of business in Northampton, where he carried the stock of materials usual in such a store and necessary for doing the plumbing business and that he had contracted to do plumbing work and had employed journeymen plumbers. There was other evidence tending to show that he had employed at least one journeyman plumber for several months who, with the defendant, worked at plumbing in numerous places. This evidence was sufficient to show that he had conducted business as a master plumber within the statutory definition of that term. "Master or employing plumber" is defined by St. 1909, c. 536, § 9, to be "a plumber having a regular place of business and who himself, or by journeymen plumbers in his employ, performs plumbing work."

St. 1909, c. 536, as amended by St. 1914, c. 287, so far as it requires an examination and license for those engaged in the business of master plumbing, is not unconstitutional. This in substance is settled by *Commonwealth* v. *Beaulieu,* 213 Mass. 138. That case related to the provisions of the statute as to the examina-

tion and licensing of journeymen plumbers, and it there was held that they did not violate the fundamental law. Plumbing bears so close a relation to the public health that its regulation as to those conducting the business, as well as the craftsmen working at the trade, are subject to legislative control within reasonable limits. The reasons which led to the conclusion that the licensing of journeymen plumbers was within the police power of the State require the same result in the case at bar as to the regulating of master plumbers.

General regulations providing for the licensing of those engaged in the business of plumbing have been upheld by many decisions. *People* v. *Warden of the City Prison*, 144 N. Y. 529. *Douglas* v. *People*, 225 Ill. 536.   *State* v. *Benzenberg*, 101 Wis. 172.   *State* v. *Gardner*, 58 Ohio St. 599.   *Singer* v. *State*, 72 Md. 464.   *Ex parte Smith*, 231 Mo. 111.   *State* v. *Justus*, 90 Minn. 474, 475.   *Mayor & Aldermen of Vicksburg* v. *Mullane*, 106 Miss. 199, 211.   In some of these cases the particular statute has been held invalid while the general principle has been sustained.   But the constitutionality of such an act has been denied in *State* v. *Smith*, 42 Wash. 237.

The defendant as a journeyman plumber had the right to work for himself and to take contracts for, or to do by his own labor, plumbing upon buildings. *Burke* v. *Holyoke Board of Health*, 219 Mass. 219.   But under the statute he had no right to employ other journeymen plumbers to assist in the doing of such work. That would make him a master plumber.

The statute does not provide that no one can be licensed as a master plumber until after he has held a license as a journeyman plumber for three years. It does not authorize the making of any rule to that effect. It only enacts that "The State examiners of plumbers may make such rules as they deem necessary for the proper performance of their duties, which rules shall take effect when approved by the State board of health." This provision goes no further than to authorize the making of rules to guide the State examiners in the details of their own duties. It does not extend to the establishment of a period of probation before an applicant for registration can be examined. It falls far short of empowering a subordinate board to make a rule that no one shall take an examination to demonstrate his fitness to earn his living in his chosen employment until he has spent any given time in preparation.

It is a grave interference with personal liberty to prohibit one from doing work with his hands in a lawful and necessary occupation, which he is fitted to do, until he has been examined. The Legislature has never conferred power upon a board to prescribe a period of preparatory study before an examination could be taken even for professions requiring a high degree of skill without explicit words to that effect. It was not until St. 1915, c. 293, that any such provision was made as to registration in medicine. See, also, express provisions as to examinations for the practice of dentistry, St. 1915, c. 301, § 5; of osteopathy, St. 1909, c. 526, § 1; of optometry, St. 1912, c. 700, § 5, and for admission to the bar, St. 1904, c. 355, § 1. But no such provision exists, for example, as to the examination of nurses, St. 1910, c. 449, § 3; of veterinary practitioners, St. 1903, c. 249; of engineers and firemen, R. L. c. 102, § 81; of electricians, St. 1915, c. 296, or of many others. Since the statute neither makes any provision as to the time for preparation for an examination, nor undertakes to authorize any subordinate board to make a rule governing that subject, it is unnecessary to consider the delicate and serious constitutional question whether a statute or rule, to the effect that no one could be licensed as a master plumber until he had been licensed as a journeyman plumber for three years, would be valid. See in this connection, *Smith* v. *Texas*, 233 U. S. 630.

But the invalidity of the rule which unjustly prohibited the defendant from taking an examination for license as a master plumber does not justify him in carrying on the business of master plumber without a license. His remedy is to bring a petition for a writ of mandamus to compel the proper board to give him a reasonable examination as to his qualifications to be a master plumber. *Welch* v. *Swasey*, 193 Mass. 364, 377. *Crocker* v. *Justices* of *Superior Court*, 208 Mass. 162. *Rea* v. *Aldermen of Everett*, 217 Mass. 427. The fact that the examiners, who are amenable to the writ of mandamus, made a mistake of law as to their power to prescribe a period of experience before giving an examination does not warrant the defendant in proceeding, without resort to the courts, to violate the terms of the statute.

*Exceptions overruled.*