Commonwealth *v.* George C. Gardner.

Berkshire.    December 19, 1921. — March 6, 1922.

Present: Rugg, C. J., Braley, De Courcy, Carroll, & Jenney, JJ.

*Building Laws.    Mandamus.    Equity Jurisdiction.*

If a superintendent in charge of the construction of and preparation of the plans for an addition to a school house, after plans which he had filed with the supervisor of plans in accordance with St. 1913, c. 655, § 15 (now G. L. c. 143, § 15), had been disapproved by the supervisor, who had given directions for certain changes in their provisions relating only to ventilation, nevertheless proceeded with the construction of the alterations in accordance with the original plans, he may be convicted and sentenced under § 16 of the statute, although the system of ventilation provided and installed by the superintendent was reasonable and adequate, as also was that prescribed by the supervisor, and the requirements of the supervisor relating to ventilation were not necessary to prevent the spread of fire or its communication from any steam boiler or heating apparatus in the building.

It *seems* that, if the supervisor, in the circumstances above described, exceeded his authority and the approval of the superintendent's plans was improperly withheld, the superintendent's remedy was not to proceed in defiance of the supervisor's orders but was by a petition for a writ of mandamus compelling approval of the plans or by proceeding under § 55 of the statute.

Complaint, received and sworn to in the District Court of Central Berkshire on July 1, 1918, charging that the defendant did unlawfully superintend the erection of a certain building

known as the Craneville School Addition, in violation of St. 1913, c. 655.

On appeal to the Superior Court, the complaint was tried before *N. P. Brown,* J., upon an agreed statement of facts. Material facts so agreed to are described in the opinion. The judge refused to order a verdict for the defendant, ordered a verdict of guilty, sentenced the defendant to pay a fine of $50 and, certifying that he was of opinion that there was reasonable doubt whether the judgment rendered should stand, stayed execution of the sentence and reported the case for determination by this court.

St. 1913, c. 655, §§ 15, 16, 55 (see now G. L. c. 143, §§ 15, 16, 55), were as follows:

"Section 15. No building which is designed to be used, in whole or in part, and no building in which alteration shall be made for the purpose of using it, or continuing its use, in whole or in part, as a public building, public or private institution, school house, church, theatre, special hall, public hall, miscellaneous hall, place of assemblage or place of public resort, or as a factory, workshop or mercantile or other esablishment and to have accommodations for ten or more employees, and no building more than two stories in height designed to be used above the second story, in whole or in part, and no building more than two stories in height in which alteration shall be made for the purpose of using it, or continuing its use, in whole or in part, as an office building, dormitory, hotel, family hotel, apartment house, boarding house, lodging house or tenement house, and to have eight or more rooms above said story, shall be erected, and no alteration shall be made therein, until a copy of the plans and specifications thereof has been deposited with the supervisor of plans of the building inspection department of the district police by the person causing its erection or alteration or by the architect thereof. Such plans and specifications shall include those for heating, ventilation and sanitation, as the supervisor of plans may require. Such building shall not be so erected or altered without sufficient egresses and other means of escape from fire, properly located and constructed. The supervisor of plans may require that stairways shall be enclosed, that they shall have suitable landings, that they shall be provided with hand-rails, that egress doors and windows shall open outward and have approved hardware, that places of egress shall be properly

lighted and designated, and that proper fire stops shall be provided in the floors, walls, partitions and stairways of such building. He may make such further requirements as may be necessary to prevent the spread of fire, or its communication from any steam boiler, or heating apparatus therein. The certificate of approval of the supervisor of plans of such plans and specifications, endorsed with the approval of the deputy chief of the building inspection department of the district police, or a specification of requirements necessary for compliance with the provisions of this act, set forth in detail and so endorsed, shall be issued to the person causing its erection or alteration, or to the architect thereof, and a copy of the same, together with the plans, shall then be turned over to the inspector in whose district the building is to be erected or altered, who shall enforce the requirements thereof and supervise such erection or alteration. After a certificate of approval, or a specification of requirement, has been issued, no change shall be made in the plans or specifications, or in the building, without the permission in writing of the supervisor of plans.

"Section 16. Whoever erects, constructs or makes alteration in a building, or an architect or other person who draws plans or specifications or superintends the erection, construction or alteration of a building, in violation of the provisions of this act, shall be punished by a fine of not less than fifty nor more than one thousand dollars."

"Section 55. Whoever is aggrieved by the order, requirement, or direction of a building inspector of the building inspection department of the district police, may, within ten days after the service thereof, appeal to a judge of the superior court for the county in which the building to which such order, requirement or direction relates is situated, for an order forbidding its enforcement; and after such notice as said court shall order to all parties interested, a hearing may be had before the court at such early and convenient time and place as shall be fixed by said order; or the court may appoint three disinterested persons, skilled in the subject-matter of the controversy, to examine the matter and hear the parties; and the decision of said court, or the decision, in writing and under oath, of a majority of said experts, filed in the office of the clerk of courts in said county within ten days after such hearing, may alter, annul or affirm such order, requirement

or direction. Such decision or a certified copy thereof shall have the same authority, force and effect as the original order, requirement or direction of the inspector. If such decision annuls or alters the order, requirement or direction of the inspector, the court shall also order the inspector not to enforce his order, requirement or direction, and in every case the certificate required by law shall thereupon be issued by said court or by said experts."

The case was submitted on briefs.

*C. G. Gardner & R. S. Spooner,* for the defendant.

*C. H. Wright,* District Attorney, *& R. H. Tilton,* Assistant District Attorney, for the Commonwealth.

CARROLL, J. The defendant was charged with violating St. 1913, c. 655, § 15. He was the superintendent in charge of the construction and prepared the plans for an addition to a school house in Dalton in 1915. Plans for the alterations, including those for heating, ventilation and sanitation, were filed with the supervisor of plans, as required by the statute. The plans were disapproved by the supervisor by letter of May 17, 1915, in which the defendant was directed to provide means of bringing fresh air into the addition, "with fresh air rooms in the basement, bringing the air in at the rate of thirty . . . cubic feet for each pupil per minute, on the warm side of the room, approximately eight . . . feet above the floor; and taking out the foul air at or near the floor line near the same location." The defendant proceeded with the construction of the alterations in disregard of these directions for ventilation, and in place thereof installed the system of ventilation shown by the origial plans submitted to the supervisor. It was agreed that there was no other violation of the statute or of the regulations of the State police made thereunder, and it was also agreed that the system of ventilation provided and installed by the defendant was reasonable and adequate, as was the system prescribed by the supervisor, and that the requirements of the supervisor relating to ventilation were not necessary to prevent the spread of fire or its communication from any steam boiler or heating apparatus in the building.

In the Superior Court the only evidence was the agreed statement of facts. The defendant moved for a directed verdict. The motion was denied and the jury were instructed to return a verdict of guilty. The defendant was sentenced to pay a fine of $50, and

the case was reported to this court at the request of the defendant with the consent of the district attorney, on the question whether there was error in denying the defendant's motion, and in the direction to the jury to return a verdict of guilty upon the evidence.

The St. 1913, c. 655, § 15, provided that no building of the kind enumerated, including school houses, should be erected or altered until a copy of the plans and specifications had been deposited with the supervisor of plans of the building inspection department of the district police, by the person causing the erection or alteration, or by the architect thereof. Such plans and specifications were to include those for heating, ventilation and sanitation as the supervisor of plans might require. The statute also enacts that such building shall not be constructed without sufficient means of escape from fire, and the supervisor of plans was given authority to require that the stairways be enclosed, that egress doors and windows shall open outward, that places of egress shall be properly lighted, and he was authorized to make such further requirements as were necessary to prevent the spread of fire, or its communication from any steam boiler or heating apparatus therein. The statute also provides that the certificate of approval, or the specifications necessary for compliance with the requirements of the statute, should be issued to the person causing the erection or alteration of the building, or to the architect thereof, and after a certificate of approval or specifications of requirements had been issued, no change should be made in the plans and specifications of the building without the permission in writing of the supervisor, and by § 16 of the statute, whoever erects or makes alterations in a building, or an architect who draws plans or specifications, or superintends the erection of a building in violation of the statute, shall be punished.

The plans and specifications were not approved as required by the statute. Even if the supervisor exceeded the authority given him by law about which we express no opinion, and the plans for ventilation should in fact have been approved, still the defendant violated the statute by altering the school house without the approval required by the statute. Even if the approval was improperly withheld, and if the part of the statute relating to heating, ventilation and sanitation should be construed as contended by the defendant, see, in this connection, *Kilgour* v. *Gratto*, 224 Mass. 78;

*Burgess* v. *Mayor & Aldermen of Brockton,* 235 Mass. 95; *Commonwealth* v. *Slocum,* 230 Mass. 180, 192; *Commonwealth* v. *Hyde,* 230 Mass. 6, 8; *Stevens, landowner,* 228 Mass. 368, and was of no effect because it gave the supervisor arbitrary power and placed in the hands of a subordinate officer an unregulated authority, without rules or regulations showing what system should be adopted, nevertheless there is no contention that the statute was not in all other respects constitutional, and if the statute in that part of it which relates to heating, ventilation and sanitation was unreasonable, the defendant's remedy was to compel the approval of the plans and specifications by a writ of mandamus, *Commonwealth* v. *McCarthy,* 225 Mass. 192; or pursue the remedy given him by § 55 of the statute.

In *Commonwealth* v. *McCarthy, supra,* a rule established by the State examiner of plumbers prohibited a journeyman plumber from taking an examination to become a master plumber until the lapse of three years after he had been licensed as a journeyman. It was held that this rule was invalid, but that in doing business as a master plumber in violation of the rule the defendant violated the statute, and that his remedy was by writ of mandamus. And the fact that the examiner made a mistake of law as to his power in making an invalid rule, did not warrant the defendant in proceeding in violation of the terms of the statute. That case applies to the case before us and governs it, and on the agreed facts, even if the construction of the statute claimed by the defendant is correct, the defendant made the alterations without the approval required and therefore acted in violation of the statute.

The case was submitted on an agreed statement of facts, the defendant moving for a directed verdict. A question of law only was involved, and there was no error in directing a verdict of guilty on the facts agreed to.

*Judgment affirmed.*