CITY OF MALDEN *vs.* WILLIAM J. FLYNN.

Middlesex. April 3, 1945. — May 9, 1945.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Health, Board of. `Public Health. Garbage. Equity Jurisdiction*, Criminal acts.

The general power of making regulations given boards of health by G. L. (Ter. Ed.) c. 111, § 122, does not extend to the collection, removal and transportation of garbage, since that subject is governed specifically by the provisions of § 31A and 31B, inserted in that chapter by St. 1937, c. 282.

Sections 31A and 31B, inserted in G. L. (Ter. Ed.) c. 111 by St. 1937, c. 282, do not authorize the board of health of a municipality to adopt a regulation that no person, other than the municipality and its contractors, shall transport garbage through its streets.

Continuance of an admitted violation of G. L. (Ter. Ed.) c. 111, § 31A, inserted by St. 1937, c. 282, by one who transported garbage through the streets of a city after his application for a permit to do so had been denied by the board of health, could not be enjoined by a suit in equity, since by § 31B, inserted by the same statute, such violation is a crime for which a penalty is provided and no remedy in equity is provided in addition thereto.

BILL IN EQUITY, filed in the Superior Court on March 2, 1944.

The suit was heard by *Broadhurst, J.*

*J. G. Bryer*, for the defendant, submitted a brief.

*B. Kaplan*, for the plaintiff.

RONAN, J. This is an appeal from a final decree enjoining the defendant from collecting, removing or transporting garbage through the streets of Malden.

The board of health of Malden on February 8, 1944, adopted a regulation which, after reciting that kitchen swill and garbage are a source of filth and are capable of containing and of conveying contagion and of creating sickness, thereby endangering the public health, and that swill and garbage should be collected and removed by the city, ordered that no person, other than the city and its contractors, should transport swill or garbage through the

streets of the city. Although the application of the defendant for a permit to transport garbage was denied on account of this regulation, he continued thereafter to collect and transport garbage through the public ways of Malden.

The city, in whose name the bill was properly brought, *Lincoln* v. *Murphy*, 314 Mass. 16; *Revere* v. *Blaustein*, 315 Mass. 93, points to the fact that a regulation of the board of health of Boston, almost identical with the one in question, was held valid in *Wheeler* v. *Boston*, 233 Mass. 275, where petitions for mandamus by two farmers to require the board of health to grant permits to enable them to collect and remove garbage from various places in Boston to. their farms in adjoining towns were dismissed. The regulation in that case was adopted under R. L. c. 75, § 65 (now G. L. [Ter. Ed.] c. 111, § 122), which authorized a board of health to examine into all nuisances, sources of filth and causes of sickness, to destroy, remove or prevent the same, and to make regulations for the public health and safety relative thereto and to articles capable of containing or conveying infection or contagion. The decision in the *Wheeler* case was apparently thought by the Legislature to work a hardship upon those who were engaged in keeping swine in rural districts, who were able to obtain a supply of garbage from hotels and restaurants in the large cities and who were willing and able to transport it in a sanitary manner, for within two years of that decision the Legislature enacted St. 1921, c. 358, which became G. L. (Ter. Ed.) c. 111, § 31A, and which provided that any person might remove and transport garbage through the streets if he first registered his name with the local board of health and removed and transported such material "in accordance with such reasonable rules and regulations as may be established by the said board." This section was repealed and a new § 31A was inserted in c. 111 by St. 1937, c. 282. This new section provided that no person should remove or transport garbage through the streets of any city or town without first obtaining a permit from the board of health of such city or town. Permits were to expire at the end of the calendar year in which they were granted and

were not to be transferred without the approval of the board. Statute 1937, c. 282, also inserted in said c. 111 a new section, 31B, authorizing boards of health to "make rules and regulations for the control of the removal, transportation or disposal of garbage, offal or other offensive substances," and provided a penalty for the violation of any such rule or regulation or the provisions of the new § 31A. It follows from these legislative acts that there has been carved out of the general power of boards of health over nuisances, sources of filth and causes of sickness, the power to deal with the collection, removal and transportation of garbage, and the authority of boards over this particular subject matter is now to be determined by the specific legislation covering that subject. However broad and general the language of G. L. (Ter. Ed.) c. 111, § 122, may be in conferring authority upon boards of health to abate nuisances, to eliminate sources of filth and to remove causes of sickness, it cannot rightly be held to apply to the collection and transportation of garbage in so far as the control of this matter is specifically conferred upon the boards by §§ 31A and 31B of said c. 111. These last mentioned two sections comprise parts of a single chapter and must be construed, not only with reference to each other but also with reference to the remaining sections in said chapter, as portions of an harmonious and practical system of legislation designed to protect the public health. *Hite* v. *Hite,* 301 Mass. 294. *Killam* v. *March,* 316 Mass. 646. While the general authority conferred upon boards of health by § 122 was broad enough to include the collection and transportation of garbage as long as said section stood alone, the subsequent enactments dealing with this particular subject matter limited the scope of § 122, and that section must now be considered to apply only to such cases within its general language as are not within the provisions of these subsequent enactments. *Copeland* v. *Mayor & Aldermen of Springfield,* 166 Mass. 498. *Cambridge* v. *John C. Dow Co.* 185 Mass. 448. *Boston & Albany Railroad* v. *Public Service Commissioners,* 232 Mass. 358. *McKenna* v. *White,* 287 Mass. 495. *Clancy* v. *Wallace,* 288 Mass. 557.

*Kepner* v. *United States*, 195 U. S. 100, 125.    *D. Ginsberg & Sons, Inc.* v. *Popkin*, 285 U. S. 204, 208.    *Baltimore National Bank* v. *State Tax Commission*, 297 U. S. 209, 215. *Missouri* v. *Ross*, 299 U. S. 72, 76.    *Clifford F. MacEvoy Co.* v. *United States*, 322 U. S. 102, 107.

The authority of boards of health to prohibit absolutely and in all instances by a general regulation the transportation of garbage, except by the city or its contractors, which they formerly possessed by virtue of what is now G. L. (Ter. Ed.) c. 111, § 122, no longer exists, and the statutory basis upon which *Wheeler* v. *Boston*, 233 Mass. 275, was decided no longer prevails.    It does not follow, however, that a board is required to grant all or any applications for a permit.    The duty of the board is to exercise the power conferred upon it and, when an application is presented, to determine whether its granting or refusal would be beneficial or detrimental to the public health.    The instant regulation is not authorized by said § 122 as the city contends and, if not justified by some other statutory provision, is void.    *Commonwealth* v. *Hayden*, 211 Mass. 296.    *Kilgour* v. *Gratto*, 224 Mass. 78.    *Borggaard* v. *Department of Public Works*, 298 Mass. 417.    *Tranfaglia* v. *Building Commissioner of Winchester*, 306 Mass. 495.    *Leahy* v. *Inspector of Buildings of New Bedford*, 308 Mass. 128.

The plain implication of § 31A, forbidding the transportation without a permit from the board of health, is that the power to issue a permit is conferred upon the board of the community where the removal or transportation of garbage is to take place.    The granting of a permit is merely the instrumentality by which the removal or transportation is to be controlled by the board of health.    *Commonwealth* v. *McGann*, 213 Mass. 213.    *Saxe* v. *Street Commissioners of Boston*, 307 Mass. 495.

The power to regulate has sometimes been held to include the power to prohibit absolutely, *Vandine, petitioner,* 6 Pick. 187; *Attorney General* v. *Boston*, 142 Mass. 200; *Burgess* v. *Mayor & Aldermen of Brockton*, 235 Mass. 95; *Ahmedjian* v. *Erickson*, 281 Mass. 6, but it has also been held to go no farther than to control, restrict or limit.

*Opinion of the Justices,* 232 Mass. 605, 610.  *General Outdoor Advertising Co. Inc.* v. *Department of Public Works,* 289 Mass. 149, 160.  *Gordon* v. *Indianapolis,* 204 Ind. 79. *Federico* v. *Bratten,* 181 Md. 507.  *State* v. *McMonies,* 75 Neb. 443.  *Peace* v. *McAdoo,* 110 App. Div. (N. Y.) 13. *Bus Depot Holding Corp.* v. *Valentine,* 288 N. Y. 115.  *Salt Lake City* v. *Revene,* 101 Utah, 504.  *Ajax* v. *Gregory,* 177 Wash. 465.  Much depends upon the nature of the subject matter.  *Quincy* v. *Kennard,* 151 Mass. 563.  *Commonwealth* v. *Parks,* 155 Mass. 531.  Compare *Winthrop* v. *New England Chocolate Co.* 180 Mass. 464; *Kilgour* v. *Gratto,* 224 Mass. 78.  Much also depends upon the governing statute. We have already seen that the Legislature could authorize boards of health to prohibit absolutely the transportation of garbage.  The question here is narrowed to the inquiry whether such power was granted to those boards by § 31B when read in conjunction with § 31A.  Here we have a statute, § 31A, empowering a board of health to grant permits, which is immediately followed by another statute, § 31B, delegating to such boards authority to "make rules and regulations for the control of the removal, transportation or disposal of garbage, offal or other offensive substances."  The rule making power is confined to the control of a particular subject and clearly implies the existence of the subject matter that is to be controlled.  A rule that would abolish this subject matter would be inconsistent with the legislative scheme, which contemplates the granting of the permits and the regulation of the conduct of those performing the work for which the permit was issued. We think that a rule utterly prohibiting the removal and transportation of garbage is beyond the authority delegated to boards of health.  *Austin* v. *Murray,* 16 Pick. 121. *Commonwealth* v. *Hayden,* 211 Mass. 296, 297.  *Burke* v. *Holyoke Board of Health,* 219 Mass. 219, 221.  *Commonwealth* v. *McCarthy,* 225 Mass. 192, 195.

The invalidity of the rule of the board of health, however, gives the defendant no right to transport garbage through the streets of Malden without a permit in violation of § 31A.  *Commonwealth* v. *Blackington,* 24 Pick. 352.

*Commonwealth* v. *McCarthy,* 225 Mass. 192.   *Commonwealth* v. *Gardner,* 241 Mass. 86.   *State* v. *Orr,* 68 Conn. 101. *State* v. *Stevens,* 78 N. H. 268.   The defendant was entitled to have his application for a permit considered fairly and impartially by the board and might have maintained a petition for mandamus if the board refused to consider it, *Jaffarian* v. *Mayor of Somerville,* 275 Mass. 264; *Murphy* v. *Third District Court of Eastern Middlesex,* 316 Mass. 663, even though he could not thereby secure an adjudication that the board in the exercise of its judgment and discretion should have come to the conclusion that the protection and preservation of the public health required the granting of his application.   *Frẽnch* v. *Jones,* 191 Mass. 522.   *McLean* v. *Mayor of Holyoke,* 216 Mass. 62.   *Rea* v. *Aldermen of Everett,* 217 Mass. 427.   *Eastern Massachusetts Street Railway* v. *Mayor of Fall River,* 308 Mass. 232.   *Scudder* v. *Selectmen of Sandwich,* 309 Mass. 373.   *Leigh* v. *Commissioner of Public Health & Charities of Lawrence,* 310 Mass. 343.   The denial of an application for a permit by an administrative board solely upon the mistaken ground that it was bound by one of its rules or regulations forbidding the granting of all such permits is an abuse of discretion which has wrongfully deprived the applicant of any possible chance of satisfying the board that his application should be granted.   *Long* v. *George,* 296 Mass. 574, 578–579. *Lincoln Electric Co.* v. *Sovrensky,* 305 Mass. 476, 477. *Perkins* v. *Elg,* 307 U. S. 325, 349.   *Arenas* v. *United States,* 322 U. S. 419.

As the bill cannot be maintained to enforce the regulation of the board, the question remains whether it can be maintained for the purpose of enjoining the defendant from transporting garbage without a permit.   Such transportation is in violation of § 31A and constitutes a criminal offence for which a penalty is provided by § 31B.   At the trial in the Superior Court, the defendant admitted that he had no permit.   There was no evidence that he was committing any nuisance or that his conduct even tended to harm the public health.   The city rested its case upon the validity of the regulation and upon nothing else.   The

judge ruled that the regulation was valid and entered a final decree permanently enjoining the defendant from transporting garbage through the streets of the plaintiff city. Nothing, therefore, was proved at the trial except the violation by the defendant of a criminal statute which does not, in addition to a penalty, provide for any remedy in equity for the enforcement of its provisions. The situation is no different from what it would have been if the bill as originally filed merely alleged a violation of the statute and sought an injunction against further violations. It is plain that there is nothing to take the case out of the general rule that it is outside the ordinary equity jurisdiction to enforce criminal statutes by injunctions. The governing principle has been so recently and fully explained with ample authorities in *Commonwealth* v. *Stratton Finance Co.* 310 Mass. 469, that further discussion is unnecessary.

It follows that the final decree must be reversed and a decree is to be entered dismissing the bill.

*So ordered.*