STATE *v.* WILLIAM POULOS *& a.*

354

*Gordon M. Tiffany*, Attorney General, and *Arthur J. Reinhart*, city solicitor, for the State.

*Hayden C. Covington* (of New York) and *Henry M. Fuller* (*Mr. Covington* orally), for the defendants.

JOHNSTON, C. J.   Since the defendant Derrickson has died pending his appeal, the appeal on his behalf is abated. 24 C. J. S. 381, and cases cited; 96 A. L. R. 1317, 1322.

The Trial Court found that the city council in refusing to grant licenses to the defendants acted arbitrarily and unreasonably.  The latter had offered to pay any reasonable fees customarily paid for the use of the park as well as any expenses incurred by the city in permitting the holding of the requested meetings.  However, if the Court was correct that the remedy for such wrongful conduct was in appropriate civil proceedings and not in holding open air meetings in violation of the ordinance, the exceptions of the surviving defendant should be overruled.  According to the Court, the defendants misconceived their remedy.  It has been conceded by the defense on this transfer, as well as on the first one, that the ordinance is valid on its face.  It is identical in language with the statute that was construed as valid in *State* v. *Cox*, 91 N. H. 137, which was affirmed in *Cox* v. *New Hampshire*, 312 U. S. 569.  It is not disputed that the ordinance applies to the park that was the scene of the open air meetings in question.  No objection has been made to the application of the ordinance to the areas where the meetings took place, and no exception taken to any finding or ruling with respect thereto.

We see no reason for overruling the law as stated in this jurisdiction that a wrongful refusal to license is not a bar to a prosecution for acting without a license.  "A wrongful refusal of a license is not equivalent to a license.  Instead of prosecuting by proper proceed-

ings his claim of right to a license, the defendant chose to disregard the law and must submit to the penalty." *State* v. *Stevens,* 78 N. H. 268, 270. It should be noted that the statutory provision for a penalty in case of a sale by an unlicensed person was held valid, even if a clause of another section with respect to a requirement of residence should be found invalid. This case clearly set forth the procedure to be followed in New Hampshire by one who has wrongfully been denied a license. What was there stated on page 270 applies to the present case. "The defendant had an ample remedy in the writ of certiorari."

The Yale Law Journal in an article on "Res Judicata," *v.* 49, *p.* 1266, asserts as follows: "The action of state licensing agencies has uniformly been held to be conclusive against collateral attack . . . . No distinction has been made between errors of fact or of law in the mistaken refusal to grant the license. The same result has been reached even where the denial of a license was based on an unconstitutional section of a statute, provided that the entire statute was not thereby rendered invalid." The writer also cites *State* v. *Stevens, supra,* as authority. See also, *Phoenix Carpet Co.* v. *State,* 118 Ala. 143.

The New Hampshire case of *State* v. *Stevens, supra,* has been cited as authority in the Massachusetts case of *Malden* v. *Flynn,* 318 Mass. 276. On pages 280 and 281 the court there stated: "The invalidity of the rule of the board of health, however, gives the defendant no right to transport garbage through the streets of Malden without a permit in violation of *s.* 31A. *Commonwealth* v. *Blackington,* 24 Pick. 352; *Commonwealth* v. *McCarthy,* 225 Mass. 192; *Commonwealth* v. *Gardner,* 241 Mass. 86; *State* v. *Orr,* 68 Conn. 101; *State* v. *Stevens,* 78 N. H. 268. The defendant was entitled to have his application for a permit considered fairly and impartially by the board and might have maintained a petition for mandamus if the board refused to consider it . . . ."

The same principle of law is clearly stated in *Lipkin* v. *Duffy,* 118 N. J. L. 84, the headnote of which is as follows: "The provision of an ordinance that a license to carry on the business of conducting a junk yard should not be issued to a non-resident is unreasonable and discriminatory, but the remedy is by *mandamus* to compel consideration of the application for a license and not by the conduct of such business in violation of the valid portions of the ordinance without any license whatever."

While 33 Am. Jur. 395 in the article on "Licenses" takes the posi-

tion that the cases are not unanimous, it uses *State* v. *Stevens, supra,* in support of the following: "According to other cases, however, when a license is refused by the licensing officer, although the applicant has done all that is necessary to entitle him thereto, he has no right to proceed to do the act for which the license is required." 53 C. J. S. 727, in its article on "Licenses" discusses the subject of defenses to criminal proceedings for violation of license laws. The following is stated: "The fact that accused had applied for the requisite license, tendered the fee, and had been refused a license constitutes no defense to a criminal prosecution for acting without a license unless the license authorities declined to issue a license on the ground that none was required; and it is likewise no defense to show that an application for a license would have been unavailing." As authority for the first proposition, *Commonwealth* v. *McCarthy,* 225 Mass. 192, which was referred to in *Malden* v. *Flynn, supra,* is used. ·

The defense relies heavily on the case of *Cantwell* v. *Connecticut,* 310 U. S. 296, for the proposition that the availability of the writ of *mandamus* under Connecticut law to review the action of the administrative officer in refusing a permit was not sufficient to preclude the court from considering the constitutional defenses. It must be noted, however, that in that case the entire licensing statute was held invalid as it was applied to persons engaged in distributing literature purporting to be religious and soliciting contributions to be used for the publication of such literature. The situation is different from that referred to in the Yale Law Journal, *supra,* and in *State* v. *Stevens, supra,* where the entire statute is not rendered invalid, so that convictions may be had under valid portions. Again we call attention to the fact that in this jurisdiction if a licensing statute is constitutional and applies to those seeking a license, the remedy here provided consists of proceedings against the licensing authority that has wrongfully denied the license. The substantial rights of the defendants to licenses are not here refused, but the manner in which they may be exercised must be defined in the licensing proceedings originating before the council. Their remedy was against the city council of Portsmouth but they chose not to follow it.

Similarly, it was held in *Hague* v. *C. I. O.,* 307 U. S. 496, that municipal officers could be enjoined from action under certain ordinances that violated the constitutional rights of free speech and of assembly. Permits had been refused for public meetings, but, unlike

the case at bar, the prosecutions were contemplated under ordinances that were invalid. "We think the court below was right in holding the ordinance quoted in note 1 [relating to public meetings] void upon its face." *p.* 516. ·Concerning the ordinance dealing with the distribution of printed matter, the court said at page 518: "The ordinance absolutely prohibiting such distribution is void under our decision in *Lovell* v. *Griffin, supra,* and petitioners so concede."

In *Estep* v. *United States,* 327 U. S. 114, the court decided that in a proceeding for a violation of the Selective Training and Service Act of 1940 a defendant could show that the order of the local board exceeded the jurisdiction of the board since he had exhausted his administrative remedies. The board had wrongfully denied the defendant an exemption as a minister of religion. It was not necessary to comply with the order and then resort to *habeas corpus* to complete the civil remedies. *Gibson* v. *United States,* 329 U. S. 338, was similar in its facts and holding. In the case before us the defendant Poulos has not taken advantage of an available and proper remedy against the licensing authority. Moreover, he has been prosecuted under a valid ordinance which requires a license before open air public meetings may be held. The State's case was complete upon showing the conduct and the absence of the license. The valid ordinance then governed. It was not necessary for the State to show the rightful denial of the license. In the *Estep* and *Gibson* cases, it was essential for the government to establish the orders of the local boards before it could convict for failure to comply with those orders. These two last mentioned cases are similar to the prosecutions for failure to comply with orders of quarantine issued by health officers cited in the brief for the defense. In such case the order and its validity, if questioned, must be established by the prosecution.

The remedy of the defendant Poulos for any arbitrary and unreasonable conduct of the city council was accordingly in *certiorari* or other appropriate civil proceedings. *American Motorists Ins. Co.* v. *Garage,* 86 N. H. 362, 368.

> *State* v. *Derrickson abated; exceptions of defendant Poulos overruled.*

All concurred.