67 So.2d 421

## WALLER v. CITY OF BIRMINGHAM.

### 6 Div. 604.

Court of Appeals of Alabama.

Oct. 6, 1953.

John A. Jenkins, Birmingham, for appellant.

J. Reese Johnston, Jr., Birmingham, for appellee.

**PRICE, Judge.**

Appellant was convicted in the Recorder's Court for the offense of operating a taxicab on the streets of the City of Birmingham without first having obtained a permit from the City Commission or a license from the City Comptroller in violation of Section 1397 of the General City Code of Birmingham of 1944, as amended by Ordinance No. 596 F.

On appeal to the circuit court a complaint was filed by the Solicitor charging defendant with said offense.

The cause was tried on an agreed statement of fact by the court sitting without a jury. Defendant was adjudged guilty and a fine of $1, together with the costs, was assessed against him.

The demurrer to defendant's plea One was properly sustained. The fact that accused had applied for a permit and license and his application had been refused by the City Commission constitutes no defense to a criminal prosecution for acting without a permit or license. Phoenix Carpet Co. v. State, 118 Ala. 143, 22 So. 627; 53 C.J.S., Licenses, § 68, p. 727; Commonwealth v. McCarthy, 225 Mass. 192, 114 N.E. 287; State v. Stevens, 78 N.H. 268, 99 A. 723, L.R.A.1917C, 528; City of Malden v. Flynn, 318 Mass. 276, 61 N.E.2d 107; State v. Poulos, 97 N.H. 352, 88 A.2d 860. And an agent is subject to prosecution for engaging in a business for which his principal has not taken out a license. Nashville, C. & St. L. Ry. Co. v. Attalla, 118 Ala. 362, 24 So. 450; Williams v. City of Talladega, 164 Ala. 633, 51 So. 330; Edgil v. City of Carbon Hill, 214 Ala. 532, 108 So. 355.

The stipulation as to the facts is as follows:

"Agreed Statement of Fact

"It is agreed by and between the City of Birmingham and the defendant, William D. Waller, Jr., as follows:

"1. That William D. Waller, Jr., on the 19th day of May, 1951, was a cab driver in the employ of the Wilson Blue & Grey Cab Company. As such driver, at about 4:45 on said day, he picked up a passenger at the Jones Valley Pharmacy, which is located in the Powderly community in the City of Birmingham, Jefferson County, Alabama, and carried said passenger to 661 Park Avenue, Belcher's Lumber Camp, by way of 32nd Street S.W. said point also being in the City of Birmingham. That he carried said passenger as a taxicab and the charge made for such passage was 45¢, which was paid by the passenger. That neither the said William D. Waller, Jr., nor the Wilson Blue and Grey Cab Company had a permit or a license to operate a taxicab as required by Section 1397 of the General City Code of Birmingham, Alabama, of 1944 as amended by Ordinance Number 596–F adopted by the Commission of the City of Birmingham on September 23, 1947.

"2. That Jones Valley Pharmacy in the community of Powderly, City of Birmingham, and 661 Park Avenue, Belcher's Lumber Camp, City of Birmingham, and the route between said points lie wholly within that area of the City of Birmingham which was annexed to the City of Birmingham on the 17th day of September, 1949 as the result of an election held under and pursuant to Act No. 325 adopted by the Legislature of Alabama at its regular session of 1949 [page 472].

"3. That the Wilson Blue and Grey Cab Company operated in the Powderly community and the Green Acres community in 1947. The Green acres community became a part of the City of Birmingham on January 25, 1949, by election. In October, 1948, the said company erected a cab stand on a lot rented for Five ($5.00) Dollars a month (see Exhibits 1 and 7). Said cab stand was located in the annexed area. During 1947 said company operated six tax-

icabs. During 1948 said company operated eight taxicabs. During 1949 said company operated seven taxicabs. During 1950 said company operated six taxicabs. During 1951 said company operated six taxicabs. At no time during its existence has the said company been issued a certificate of convenience and necessity by the Alabama Public Service Commission.

"In addition to the Powderly and Green Acres communities which are now in the city limits of the City of Birmingham, the hereinabove mentioned taxicabs operated in Fairfield, Alabama; Brighton, Alabama; Lipscomb, Alabama; and Hueytown, Alabama and surrounding communities.

"On October 4, 1949, immediately after said area had been annexed to the City of Birmingham, the cab company received a form letter from C. E. Armstrong, City Comptroller of the City of Birmingham, calling on them to pay a license on their business in the Powderly area (see Exhibit 2). Pursuant to said letter, the Wilson Cab Company secured the city license for the year 1949 (see Exhibit 3) paying therefor the sum of $52.50, which sum has never been refunded or tendered to the cab company in any way. However, the Blue and Grey Cab Company operated during the year 1949 without any arrests or interference by the City of Birmingham. That company tendered money and offered to renew license for each year since. That the said cab company then made an application for a franchise or permit for its operation within the Powderly and Green Acres section of the City of Birmingham, the area in which it formerly operated, and was advised that there was litigation then pending testing the legality of the annexation and that the consideration of said application would have to be delayed pending the outcome of said litigation. That said litigation terminated favorably to the City of Birmingham and that immediately thereafter, on to-wit: October 19th, 1951 (Exhibit 4), the said cab company filed an application for a permit with the City Commission of the City of Birmingham, which application was later denied. That thereafter on December 12, 1951 (See Exhibit 5) said cab company renewed said application, which said applica-tion was denied on to-wit: February 12, 1952 (see Exhibit 6)."

 A municipality has the right and power to regulate taxicabs as relates to the use of the city streets. Title 37, Section 750; City of Mobile v. Farrell, 229 Ala. 582, 158 So. 539; McLendon v. Boyles Transit Co., 210 Ala. 529, 98 So. 581; Whittle v. Nesmith, 255 Ala. 193, 51 So.2d 6.

And Section 168 of Title 37 provides: "All territory brought within the corporate limits of a city under the provisions of this article shall be subject to the laws and ordinances of said city, and the council or governing body of the city shall have and exercise the same jurisdiction over such territory as is exercised over the territory within the corporate limits of the city, except as herein restricted, and except as may be restricted by ordinance or resolution passed by the council or governing body of the city."

We are of the opinion the court properly rendered judgment of guilt against the defendant under the law and the facts.

Affirmed.