Hillsborough County Personnel Committee
No. 80-064

## ESTATE OF ALFRED KELLEY

v.

## HILLSBOROUGH COUNTY PERSONNEL COMMITTEE

December 3, 1980

*Malloy & Sullivan*, of Manchester (*James J. Barry, Jr.*, orally), for the plaintiff.

*Wiggin & Nourie*, of Manchester (*William S. Orcutt* orally), for the defendant.

### MEMORANDUM OPINION

Alfred Kelley, who was employed at the Hillsborough County jail in Manchester, was suspended with pay on October 23, 1979. He received a letter of discharge from the county commissioners dated October 31, 1979, effective ten days following its receipt. He died on November 5, 1979, prior to the expiration of the ten-day-notice period. At no time did the county suspend or terminate his compensation. His estate does not claim the denial of any benefits.

On November 13, 1979, the estate of Alfred Kelley, claiming that death prior to official termination of employment does not prevent the estate from appealing the termination proceedings under RSA 28:10-a (Supp. 1979) (Discharge From Employment), filed a notice of appeal with the county personnel committee. A hearing was held on December 17, 1979, and the committee refused to take evidence, concluding that "[d]ue to the death . . . before termination the . . . issue [was] moot." Motions for rehearing and to vacate the discharge were denied. Pursuant to RSA 28:10-a (Supp. 1979) the estate appealed in accordance with RSA ch. 541.

Because the decedent died when he was still a paid county employee and his future suspension had not taken effect, we agree with the personnel committee that the matter is moot. *Marshall v.*

*Thalasinos*, 116 N.H. 671, 366 A.2d 212 (1976); *State v. Poulos*, 97 N.H. 352, 88 A.2d 860 (1952).

*Appeal dismissed.*